**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THE IPE CLIP FASTENER
COMPANY, LLC,**

    **Plaintiff,**

v.                                           **Case No.:**

**SIMPSON STRONG-TIE
COMPANY, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, The Ipe Clip Fastener Company, LLC ("Ipe Clip"), by and through its undersigned attorneys, files this Complaint against Simpson Strong-Tie Company, Inc. ("Defendant" or "Simpson"), and states as follows:

### Parties

1. Plaintiff, The Ipe Clip Fastener Company, LLC, is a limited liability company that is duly organized under the laws of the State of Florida, with its principal place of business in Bradenton, Florida.

2. Ipe Clip is wholly-owned by Solution Management, Inc., a Delaware corporation.

3. Defendant, Simpson Strong-Tie Company, Inc., is a corporation that is duly organized under the laws of the State of California, with its principal offices in Pleasanton, California. Simpson is qualified to do business with the Florida Department of State, and in

1

fact does business in the State of Florida. Simpson has a resident agent authorized to accept service of process in Tallahassee, Florida.

## Personal Jurisdiction

4. This Court has personal jurisdiction over Defendant Simpson because, among other things, Simpson regularly and systematically transacts business in this judicial district by selling products and soliciting business in this judicial district. Jurisdiction is appropriate under the laws of Florida and is consistent with federal due process requirements.

5. Simpson is engaged in substantial and not isolated activity within Florida. This Court has personal jurisdiction over Simpson.

## Venue

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391.

## Subject Matter Jurisdiction

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

## Background Allegations

8. In June 2002, Ipe Clip's predecessor-in-interest, R&B Marketing Corp. (R&B"), entered into a license agreement with Simpson's predecessor-in-interest, Blue Heron Enterprises, LLC ("Blue Heron"), with regard to the production of certain hidden outdoor deck fasteners (the "Original Agreement"). In November 2003, R&B and Blue Heron executed an amendment to the Original Agreement (the "Amendment" and collectively with the Original Agreement the "License Agreement").

9. Upon information and belief, Simpson acquired Blue Heron in approximately 2015 or 2016.

10. The new owner, Simpson, is now asserting that Ipe Clip's Extreme4 and ExtremeKD deck fasteners are covered by certain patents issued in 2011 and 2012 which were then assigned to Blue Heron and are now assigned to Simpson, as detailed below.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment That The Relevant Ipe Clip Products**
**Are Not Covered By Certain Licensed Patents)**

11. Ipe Clip repeats and realleges each and every allegation contained in paragraphs 1 through 10 herein with the same force and effect as though said paragraphs were again set forth in their entirety.

12. This action is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 wherein Ipe Clip seeks a declaratory judgment that certain of Ipe Clip's fasteners are not covered by any valid claim of Simpson's patents and are therefore not subject to the License Agreement.

13. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiff and Defendant.

14. Simpson has asserted that Ipe Clip's Extreme4 and ExtremeKD fasteners are covered by claims of United States Patent Number 7,874,113 (the "'113 Patent") (*See* Exhibit "1") and United States Patent Number 8,161,702 (the "'702 Patent") (*See* Exhibit "2") and are thus subject to the License Agreement.

15. The '113 Patent was issued in 2011 and was originally assigned to Harry W. Eberle, III. The '113 Patent was assigned Blue Heron in 2011. The '113 Patent was assigned to Simpson in 2016.

16. The '702 Patent was issued in 2012 and was originally assigned to Blue Heron. The '702 Patent was assigned to Simpson in 2016.

17. Ipe Clip denies that its Extreme4 and ExtremeKD fasteners are covered by claims of the '113 Patent or '702 Patent or that royalties are owed to Simpson for the Extreme4 and ExtremeKD fasteners under the License Agreement.

18. An actual controversy has arisen between Ipe Clip and Simpson relating to whether Ipe Clip's Extreme4 and ExtremeKD fasteners are covered by any valid claim of the '113 Patent or the '702 Patent and whether Ipe Clip owes Simpson any royalties for those products pursuant to the License Agreement.

19. Ipe Clip's Extreme4 and ExtremeKD fasteners are not covered by the '113 Patent.

20. Ipe Clip's Extreme4 and ExtremeKD fasteners are not covered by the '702 Patent.

21. Ipe Clip and Simpson have adverse legal interests.

22. The facts alleged, under all circumstances, show that there is a substantial controversy between Ipe Clip and Simpson having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23. Ipe Clip is entitled to a declaratory judgment that Ipe Clip's Extreme4 and ExtremeKD fasteners are not covered by the '113 Patent and that Ipe Clip does not owe

Simpson any royalties under the License Agreement for Ipe Clip's Extreme4 and ExtremeKD fasteners.

24.     Ipe Clip is entitled to a declaratory judgment that Ipe Clip's Extreme4 and ExtremeKD fasteners are not covered by the '702 Patent and that Ipe Clip does not owe Simpson any royalties under the License Agreement for Ipe Clip's Extreme4 and ExtremeKD fasteners.

WHEREFORE, Ipe Clip respectfully requests that this Court enter judgment granting the following relief: 1) a declaratory judgment declaring that Ipe Clip's Extreme4 and ExtremeKD fasteners are not covered by the '113 Patent or the '702 Patent; 2) attorneys' fees, disbursements and costs of this action; and 3) such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Ipe Clip demands a jury trial on all claims and issues so triable.

Respectfully submitted,

/s/ Mindi M Richter

J. Todd Timmerman, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Plaintiff, The Ipe Clip Fastener Company, LLC*

Of counsel:

Jennifer L. Friedman
Schröder, Joseph & Associates, LLP
Attorneys for Plaintiff
392 Pearl Street, Suite 301
Buffalo, New York 14202
Telephone No.: (716) 881-4900 Phone
Facsimile No.: (716) 881-4909 Fax
jfriedman@sjalegal.com