UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE IPE CLIP FASTENER
COMPANY, LLC,

    Plaintiff,

v.                                         CASE NO. 8:16-cv-2862-T-23TGW

SIMPSON STRONG-TIE COMPANY,
INC.,

    Defendant.
_____/

**ORDER**

The clerk has designated this action as a track two case. Counsel for each party and any unrepresented party must meet to prepare a joint case management report within forty-five days after the first of (1) the service of the complaint upon any defendant and (2) the appearance of any defendant. The parties must file the joint case management report within seven days after the meeting.[*] The parties must otherwise comply with the requirements in Local Rule 3.05 for a track two case. The plaintiff (or in a removed action the removing party) is responsible for serving a copy of this notice and attachment upon every other party. **The parties MUST use the attached case management report** and must include a brief description of the

---

[*] The parties must comply with the deadlines in this order (forty-five days and seven days) and not the deadlines in Local Rule 3.05 (sixty days and fourteen days).

specific nature and the complexity of this action. To further the prompt resolution of this action, the parties must agree to a discovery deadline no later than eight months after any defendant's first filing. If the parties request more than eight months to complete discovery, the case management report must explain the need for the extended discovery. Finally, no later than two weeks after this order, the parties must file a "notice of related actions" that either identifies any "similar or related case" under Local Rule 1.04(d) or affirms that no "similar or successive case" exists.

    ORDERED in Tampa, Florida, on October 11, 2016.

                                              STEVEN D. MERRYDAY
                                       UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE IPE CLIP FASTENER
COMPANY, LLC,

    Plaintiff,

v.                                            CASE NO. 8:16-cv-2862-T-23TGW

SIMPSON STRONG-TIE COMPANY,
INC.,

    Defendant.
_____/

**CASE MANAGEMENT REPORT**

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on _____(date)_____ at _____(time)_____ (check one)

        (__)  by telephone.
        (__)  at _____(place)_____.

The meeting was attended by:

        <u>Name</u>                                       <u>Counsel for (if applicable)</u>

2.    Initial Disclosure:

        a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

            Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

      (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

      (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

      (iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

      (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[**]

The parties (check one)

(__)    have exchanged Rule 26(a)(1)(A) information.

(__)    agree to exchange Rule 26(a)(1)(A) information on or before _____(date)_____.[***]

---

[**] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[***] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any

(continued...)

    (__)    stipulate not to disclose Rule 26(a)(1)(A) information because
_____
_____
_____

    (__)    are unable to agree to disclosure of Rule 26(a)(1)(A) information because _____
_____
_____
_____

3.    Discovery Plan (Plaintiff): The parties jointly propose the following discovery plan for the plaintiff:

    a. Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

        (1)    Request for Admission:

        Number of Requests for Admission: In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the plaintiff's requests for admission.

        (2)    Written Interrogatory:

---

[***] (...continued)
party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

        Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3)     Request for Production or Inspection:

(4)     Oral Deposition:

        Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

        Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

        The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
| --- | --- | --- |

    b. Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure is due on or before _____(date)_____.

    c. Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

    d. Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before _____(date)_____.

4.     Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

    a. Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

        (1)    Request for Admission:

        Number of Requests for Admission: In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the defendant's requests for admission.

        (2)    Written Interrogatory:

>   Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3)   Request for Production or Inspection:

(4)   Oral Deposition:

>   Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.
>
>   Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.
>
>   The parties request an order extending the duration of the following depositions:
>
>   | Name | Proposed Length of Deposition | Grounds |
>   | --- | --- | --- |

- 6 -

  b. Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before _____(date)_____.

  c. Supplementation of Disclosure and Response: The parties agree that the defendant will supplement under Rule 26(e) at the following times:

  d. Completion of Discovery: The defendant will begin discovery in time to complete the discovery on or before _____(date)_____.

5.  Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

6.  Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

7.  Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by _____(date)_____ for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before _____(date)_____.

8.  Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one)

(__)  likely.
(__)  unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__)  consent.
(__)  fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__)  likely.
(__)  unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.    Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

(__)  consent.
(__)  fail to consent.

If the parties do not consent, future consent is (check one)

(__)  likely.
(__)  unlikely.

10.   Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after _____(date)_____, and for trial, which will occur on or after _____(date)_____. This trial is expected to last approximately _____ and is a (check one)

(__)  jury trial.
(__)  bench trial.

11.     Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12.     Other Items:

Date: _____          _____
                                        Signature of Counsel (with information required by Local Rule
                                        1.05(d)) and Signature of Unrepresented Parties