**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE IPE CLIP FASTENER**
**COMPANY, LLC,**

    **Plaintiff,**

v.                                     Case No.: 8:16-cv-02862-SDM-TGW

**SIMPSON STRONG-TIE**           Related Case No.: 8:16-cv-03295-SDM-TBM
**COMPANY, INC.,**

    **Defendant.**

_____/

## CASE MANAGEMENT REPORT

**1.**     **Meeting of the Parties**: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on January 30, 2017 at 6:00 pm EST (check one)

    ( x )   by telephone.
    (   )   at _____ (place) _____ .

The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Jennifer L. Friedman | Plaintiff and Counter-Defendant The Ipe Clip Fastener Company, LLC ("Plaintiff") |
| Joseph Mauch | Defendant and Counter-Claimant Simpson Strong-Tie Company, Inc. ("Defendant") |
| Michael Colitz | Defendant and Counter-Claimant Simpson Strong-Tie Company, Inc. |

**2.**     **Initial Disclosure**:

    a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

        Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

      (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

      (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

      (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

      (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__)    have exchanged Rule 26(a)(1)(A) information.

(_x_)    agree to exchange Rule 26(a)(1)(A) information on or before <u>February 15, 2017</u>.[2]

(__)    stipulate not to disclose Rule 26(a)(1)(A) information because
_____
_____
_____

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

(__)    are unable to agree to disclosure of Rule 26(a)(1)(A) information because
_____
_____
_____
_____

**3.     Discovery Plan (Plaintiff)**: The parties jointly propose the following discovery plan for the plaintiff:

**a.  Planned Discovery**: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

**(1) Request for Admission**:

Plaintiff will seek Requests for Admission related to its claims and defenses, as well as authenticity of documents, and will conclude its discovery prior to the discovery deadline. The parties plan on following the requirements for Requests for Admission set forth in the Federal Rules of Civil Procedure.

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiff's requests for admission.

**(2) Written Interrogatory**:

Plaintiff will seek Written Interrogatories related to its claims and defenses and will conclude its discovery prior to the discovery deadline. The parties plan on following the requirements for Written Interrogatories set forth in the Federal Rules of Civil Procedure. However, the parties' exchanged contentions, described in section 5 below, will not count toward the 25 interrogatory limit.

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

**(3) Request for Production or Inspection**:

Plaintiff will seek Requests for Production or Inspection related to its claims and defenses and will conclude its discovery prior to the discovery deadline.   The parties agree on a limit of 75 Requests for Production or Inspection for each side, unless otherwise permitted by the Court. However, the parties' exchanged contentions, described in section 5 below, will not count toward the 75 limit for Requests for Production.

**(4) Oral Deposition**:

The parties plan on following the requirements set forth in the Federal Rules of Civil Procedure including but not limited to location of depositions. The parties will meet and confer regarding the location for particular depositions.

> Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.
>
> Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

**b. Disclosure of Expert Testimony**: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure on which the plaintiff has the burden of proof is due on or before 12/15/17         .

**c. Supplementation of Disclosure and Response**: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

As the Federal Rules of Civil Procedure require.

**d. Completion of Discovery**: The plaintiff will begin discovery in time to complete the discovery on or before 10/20/17                       .

**4.    Discovery Plan (Defendant)**: The parties jointly propose the following discovery plan for the defendant:

**a. Planned Discovery**: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

**(1) Request for Admission**:

Defendant will seek Requests for Admission related to its claims and defenses, as well as authenticity of documents, and will conclude its discovery prior to the discovery deadline. The parties plan on following the requirements for Requests for Admission set forth in the Federal Rules of Civil Procedure.

– 4 –

>Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendant's requests for admission.

### (2) **Written Interrogatory**:

Defendant will seek Written Interrogatories related to its claims and defenses and will conclude its discovery prior to the discovery deadline. The parties plan on following the requirements for Written Interrogatories set forth in the Federal Rules of Civil Procedure. However, the parties' exchanged contentions, described in section 5 below, will not count toward the 25 interrogatory limit.

>Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

### (3) **Request for Production or Inspection**:

Defendant will seek Requests for Production or Inspection related to its claims and defenses and will conclude its discovery prior to the discovery deadline. The parties agree on a limit of 75 Requests for Production or Inspection for each side, unless otherwise permitted by the Court. However, the parties' exchanged contentions, described in section 5 below, will not count toward the 75 limit for Requests for Production.

### (4) **Oral Deposition**:

The parties plan on following the requirements set forth in the Federal Rules of Civil Procedure including but not limited to location of depositions. The parties will meet and confer regarding the location for particular depositions.

>Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.

>Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

**b. Disclosure of Expert Testimony**: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before 12/15/17_____.

    **c. Supplementation of Disclosure and Response**: The parties agree that the defendant will supplement under Rule 26(e) at the following times:

    As the Federal Rules of Civil Procedure require.

    **d. Completion of Discovery**: The defendant will begin discovery in time to complete the discovery on or before 10/20/17                    .

**5.**     **Joint Discovery Plan**: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

    The parties will enter into a joint confidentiality agreement in a form substantially similar to the form attached hereto as Exhibit A.

    Two related actions concerning a license agreement between the parties are currently before this Court. Plaintiff and Counter-Defendant Ipe Clip filed a complaint seeking a declaration that it is not in breach of the license agreement, while Defendant and Counter-Claimant Simpson filed a recently-transferred action alleging breach of the license agreement or, in the alternative, patent infringement. These actions are two sides of the same coin. Ipe Clip asserts that the accused products – two clips used to construct wooden decks – are not covered by patents owned by Simpson and thus not subject to the royalty payment calculation in the license agreement. Simpson asserts that the patents-at-issue do cover the accused products and that Ipe Clip is in breach of the license agreement because it has not been including the accused products in the royalty calculation.

    The parties agree that adjudication of this case requires determining whether the accused products are covered by the patents-at-issue. The parties also acknowledge that, prior to the transfer to this department of the related action initiated by Defendant Simpson, Judge Moody issued a form Case Management Report that contained patent-specific procedures. Based on the foregoing, the parties agree that the following deadlines and procedures will streamline discovery and court proceedings, resulting in greater efficiency and less motion practice:

    **Disclosure of "Infringement" Contentions**: 3/1/17.

    Simpson shall submit contentions in chart form identifying for each accused clip, (a) which claims of each patent cover each clip; (b) separately for each claim and accused clip, how it is covered by each element of each asserted claim of the asserted patents; (c) whether coverage is literal or under the doctrine of equivalents; and (d) if under the doctrine of equivalents, sufficient information to establish the factual basis for equivalence.

    Concurrently with the disclosure of the "infringement" contentions, Simpson shall produce a) documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party or sale or offer to sell, or any public use of the claimed invention prior to the date of application of each patent in suit; (b) documents evidencing the conception, reduction to practice, design and development of each claimed invention which were created on or before the date of application of the patent in suit; (c) a copy of

the file history of each patent in suit; and (d) documents evidencing ownership and maintenance of Simpson's patent rights.

**Disclosure of "Non-Infringement" and Invalidity Contentions**: 4/3/17

Ipe Clip shall submit contentions in chart form identifying as to each limitation in each asserted claim disclosed in the "infringement" contentions whether such element is present literally or under the doctrine of equivalents and if not, the reason for such denial and the relevant distinctions.

Ipe Clip shall submit invalidity contentions (1) identifying each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent must be identified by its number, country of origin and date of issue. Each prior art publication shall be identified by title, date of publication and to the extent feasible, author and publisher. Prior art under 35 U.S.C. 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer took place or the information became known, the location where the item was sold or publicly used, and the identity of the person or entity which made the use or which made and received the offer or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (2) whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness, the reason why one of ordinary skill in the art would have combined the references at the time of the invention an issue in the case; (3) a chart identifying where specifically in each alleged item of prior art each limitation of each episode of the claim is found, including for each such limitation that such party contends is governed by 35 U.S.C. 112 ¶6, the identity of the structure, act or material in each item a prior art that performs the claim function; and (4) any grounds of invalidity based on 35 U.S.C. 101, indefiniteness under 35 U.S.C. 112 ¶2, or enablement or written description under 35 U.S.C. 112 ¶ 1 of any of the asserted claims.

Concurrently with the disclosure of the "non-infringement" and invalidity contentions, Ipe Clip shall produce documents sufficient to show the operation, composition, design or structure of any aspects are elements of the accused clips; and a copy or sample of the prior art which does not appear in the file history of the patents at issue.

**Disclosure of Validity Contentions**: 5/3/17

Simpson shall submit its Responses to Invalidity Contentions which shall include (a) for each item of asserted prior art, the identification of each limitation of each episode of claim that Simpson believes is absent from the prior art; (b) if obviousness is alleged, an explanation of why the prior art does not render the assert a claim obvious; and (c) Simpson's responses shall follow the order of the invalidity chart and shall set forth Simpson's agreement or disagreement with each allegation and where and in the written basis thereof.

      **Initial Identification of Disputed Claim Terms**: 5/19/17

      **Proposed Claim Term Constructions**: 6/2/17

      **Joint Claim Construction Statement**: 6/16/17

      **Plaintiff's Claim Construction Brief**: 7/17/17

      **Defendant's Response Brief**: 8/17/17

      **Joint Pre-Hearing Statement**: 8/24/17

      **Claim Construction Hearing**: 9/14/17

      **Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof**: 12/15/17

      **Disclosure of Rebuttal Expert Reports**: 1/15/18

**6.**     **Disagreement or Unresolved Issue Concerning Discovery**: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

Ipe Clip proposes a bifurcation of discovery pertaining to liability and damages. In particular, Ipe Clip proposes that discovery regarding damages not be allowed until a 70-day period of damages discovery beginning one week after the Court issues a claim construction decision, as set forth above in section 5. Simpson does not believe that bifurcation of discovery is either necessary or justified here for a number of reasons. First, bifurcated discovery is not mandated under the Federal Rules of Civil Procedure or the Middle District Local Rules. Second, bifurcation of discovery will complicate, not simplify, this case, as it will likely lead to, among other things, additional discovery disputes regarding the scope of certain requests and having to depose certain witnesses twice. Finally, bifurcation will undoubtedly and unduly lengthen what is already a lengthy discovery process.

**7.**     **Third-Party Claim, Joinder of Party, Potentially Dispositive Motion**: The parties agree that they must move by __5/1/17__ for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before __4/16/18__.

**8.**     **Settlement and Alternative Dispute Resolution**: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

    The parties agree that settlement is (check one)

      (__)   likely.
      ( x )   unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__) consent.
(x ) fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__) likely.
( x ) unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

**9.** **Consent to Magistrate Judge Jurisdiction**: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

(__) consent.
( x ) fail to consent.

If the parties do not consent, future consent is (check one)

(__) likely.
( x ) unlikely.

**10.** **Final Pretrial Conference and Trial**: The parties will prepare for a final pretrial conference, which will occur on or after   8/1/18  , and for trial, which will occur on or after  8/20/18 . This trial is expected to last approximately   7-10 days   and is a (check one)

( x ) jury trial.
(__) bench trial.

**11.** **Pretrial Disclosure and Final Pretrial Procedure**: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

**12.** **Other Items**:

Plaintiff Ipe Clip has or is shortly filing Requests for Reexamination of the two Simpson patents at issue. Once the United States Patent & Trademark Office determines that there is a substantial question of patentability, Ipe Clip plans on seeking a stay of this litigation pending the outcome of the reexamination proceedings.

Date: February 6, 2017

| | |
|---|---|
| /s/ *J. Todd Timmerman* | /s/ *Joseph V. Mauch* |
| J. Todd Timmerman, Trial Counsel | Michael J. Colitz, III, Trial Counsel |
| Florida Bar No. 0956058 | Florida Bar No. 164348 |
| ttimmerman@slk-law.com | Cole Y. Carlson |
| Mindi M. Richter | Florida Bar No.   112863 |
| Florida Bar No. 0044827 | GRAY ROBINSON, P.A. |
| mrichter@slk-law.com | 401 E. Jackson Street, Suite 2700 |
| Jeffrey B. Fabian | Tampa, FL 33602 |
| Florida Bar No. 0085868 | Telephone: (813) 273-5000 |
| jfabian@sIk-law.com | Facsimile: (813) 273-5145 |
| Shumaker, Loop & Kendrick, LLP | michael.colitz@gray-robinson.com |
| 101 East Kennedy Boulevard, Suite 2800 | cole.carlson@gray-robinson.com |
| Tampa, Florida 33602 | |
| Telephone No.: (813) 229-7600 | Arthur J. Shartsis |
| Facsimile No.: (813) 229-1660 | Erick C. Howard |
| | Joseph V. Mauch |
| Jennifer L. Friedman | *Admitted Pro Hac Vice* |
| Schröder, Joseph & Associates, LLP | Shartsis Friese LLP |
| 392 Pearl Street, Suite 301 | One Maritime Plaza, Eighteen Floor |
| Buffalo, New York 14202 | San Francisco, CA 94111 |
| Telephone No.: (716) 881-4900 Phone | Telephone: (415) 421-6500 |
| Facsimile No.: (716) 881-4909 Fax | Facsimile: (415) 421-2922 |
| jfriedman@sjalegal.com | ashartsis@sflaw.com |
| | ehoward@sflaw.com |
| *Attorneys for Plaintiff and* | jmauch@sflaw.com |
| *Counter-Defendant,* | |
| *The Ipe Clip Fastener Company, LLC* | *Counsel for Defendant and* |
| | *Counter-Claimant,* |
| | *Simpson Strong-Tie Company, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

                                               */s/ Joseph V. Mauch*
                                                Joseph V. Mauch