# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

THE IPE CLIP FASTENER COMPANY, LLC,

     Plaintiff,

v.

SIMPSON STRONG-TIE COMPANY, INC.,

     Defendant.

AND COUNTER-CLAIMS

Case No.: 8:16-cv-02862-SDM-TGW

## SIMPSON STRONG-TIE COMPANY, INC.'S
## MOTION TO COMPEL DISCOVERY RESPONSES

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Defendant and Counter-Claimant Simpson Strong-Tie Company, Inc. ("Simpson") hereby moves for entry of an order compelling Plaintiff and Counter-Defendant Ipe Clip Fastener Company, Inc. ("Plaintiff") to (1) produce documents responsive to Simpson's Requests for Production Nos. 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14 and 16 and (2) provide answers to Interrogatories Nos. 1, 2, 3, 7, 8, and 9. Simpson also seeks recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5). In support of this Motion to Compel ("Motion"), Simpson states as follows:

## I.   BACKGROUND

### A.   The Subject Matter Of This Case

This case involves claims of breach of contract and patent infringement related to hidden deck fasteners used in the construction of wood decks.  Simpson and Plaintiff are successors-in-interest to a Non-Exclusive License Agreement (the "License Agreement")

entered into by their predecessors in 2002 whereby Plaintiff has licensed the valid claims of certain patent assets, namely, U.S. Patent No. 6,402,415 (the "'415 Patent") and "any improvement patents thereof" related to deck fasteners. *See* Amended Answer and Counterclaim ("Counterclaim") [Dkt. No. 23], ¶¶ 8-9. In or around May, 2016, Simpson advised Plaintiff that it believed two of Plaintiff's deck fastener products, the Ipe Clip Extreme4 and ExtremeKD (the "Accused Products"), practiced the valid claims of two of Simpson's patents, U.S. Patent Nos. 7,874,113 (the "'113 Patent") and 8,161,702 (the "'702 Patent") (collectively, the "Patents-at-Issue") that Simpson asserts are "improvement patents" of the '415 Patent.[1] Simpson contends that the Accused Products are thus subject to license and royalty obligations of the License Agreement.

Plaintiff disagreed, and on or about October 7, 2016, instituted this declaratory relief action seeking a declaration that it has not breached the license agreement or infringed the Patents-at-Issue. The parties have filed a Joint Case Management Report wherein Plaintiff acknowledged that adjudication of its declaratory relief action requires a determination of the patent infringement issues, and Plaintiff agreed to a proposed joint discovery plan that includes patent-specific procedures. *See* Dkt. No. 20 at 6. Accordingly, Plaintiff served Simpson with Non-Infringement and Invalidity

---

[1] Prior to being served with the Plaintiff's Complaint, Simpson had already filed a separate action in this Court, Case No.: 8:16-cv-03295-SDM-TBM originally assigned to Judge Moody, asserting breach of contract, and in the alternative, patent infringement. Plaintiff filed a motion to transfer the Related Case to Judge Merryday, as well as a motion to dismiss Simpson's patent infringement claims. Judge Moody transferred the case to Judge Merryday on or about January 19, 2017, but did not decide Plaintiff's motion to dismiss. On May 10, 2017, Judge Merryday ordered the Related Case dismissed, but allowed Simpson to re-file its patent infringement and breach of contract claims as counterclaims in this action. Simpson filed its Amended Answer and Counterclaims on May 16, 2017 (See Dkt. No. 23).

7957051

Contentions, in which Plaintiff has argued, among other things, that all of the asserted claims of the Patents-at-Issue are invalid at least because they are allegedly rendered obvious by prior art.

### B.      Simpson's Discovery Requests And Attempts To Meet And Confer

On February 7, 2017, Simpson served Plaintiff with its First Requests for Production ("RFP") and First Set of Interrogatories ("Rogs") (collectively the "Discovery Requests"), attached hereto as **Exhibits A** and **B**, respectively.  The Discovery Requests sought information relating to Plaintiff's claims and defenses, including information relevant to its infringement defenses, and information related to damages. As set forth below, in response to the Discovery Requests, Plaintiff refused to produce any documents at all related to 13 of Simpson's 16 RFPs, and produced only a subset of documents in connection with the remaining three.  Likewise, Plaintiff refused to provide any answers at all to 7 of 9 interrogatories, providing only partial responses to the remaining two. Simpson raised its concerns with Plaintiff's objections in a letter to Plaintiff's counsel dated March 22, 2017, attached hereto as **Exhibit C**, and the parties' counsel participated in a teleconference on March 30, 2017 to attempt resolve the discovery dispute.

The parties did not reach agreement on any of the disputed requests during the meet and confer call, though Simpson did agree to consider the scope of the Discovery Requests in light of Plaintiff's Non-Infringement and Invalidity Contentions, which Plaintiff served on April 3, 2017 (attached hereto as **Exhibit D**, infringement and invalidity charts omitted).  The Non-Infringement and Invalidity Contentions confirmed that the scope of the Discovery Requests was reasonable, and Simpson so advised

Plaintiff in a second meet and confer letter dated April 10, 2017, attached hereto as **Exhibit E**.  Plaintiff's counsel responded by letter dated April 18, 2017, attached hereto as **Exhibit F**.  Plaintiff largely stood by its previous objections, though Plaintiff's counsel stated that Plaintiff would supplement its responses to RFP Nos. 3, 14, 15, 16 and Rog No. 3.  Plaintiff served supplemented responses on April 28, 2017, but the supplemented responses did not agree to produce any more documents or provide additional substantive information sought by Simpson's interrogatories.   Rather, the supplemented responses merely identified an additional category of documents that Plaintiff asserts does not exist (*see* Response to RFP No. 3 and Response to Rog No. 3) and documents it is withholding based on privilege (*see* Response to RFPs 14 and 15). A redline that shows the changes between Plaintiff's original responses and the supplemented responses is attached as **Exhibit G**.  Plaintiff's supplemental responses continue to admit that it is withholding non-privileged documents based on its objections. Given that Plaintiff is determined to stand on its objections and prevent Simpson from obtaining even basic information relevant to the claims and defenses in this case, Simpson is left with no choice but to file this Motion to Compel and seek the Court's intervention.

## II.   GOVERNING LAW

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court.  *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the

prejudice of a party. *See id*. Pursuant to Fed. R. Civ. P. 26(b)(1), a party is entitled to discover:

> "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Furthermore, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b)(1).

## III.   DOCUMENT REQUESTS AT ISSUE

Pursuant to Local Rule 3.04(a), Simpson includes below full quotations of each document request, interrogatory, and supplemented response for which it currently seeks an Order compelling a response. Also included below are Plaintiff's most up-to-date responses to the requests.

### Defendant's Request for Production No. 1

DOCUMENTS sufficient to show each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

### Plaintiff's Response to Request for Production No. 1

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the conception, design, development, or reduction to practice of either of the Accused Products is not relevant. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

### Defendant's Request for Production No. 2

All DOCUMENTS referring or relating to the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

### Plaintiff's Response to Request for Production No. 2

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the process of conceiving, designing, developing, and reducing to practice each of the Accused Products is not relevant. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

### Defendant's Request for Production No. 3

All DOCUMENTS referring or relating to any attempt to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS.

### Plaintiff's Response to Request for Production No. 3

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and discovery relating to U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are no responsive documents being withheld regarding a design around of United States Patent No. 7,874,113 B2 or U.S. Patent No. 8,161,702 B2 or any parent application of the Patents in connection with the Accused Products but that there are responsive documents being withheld on the basis of the above objections.

### Defendant's Request for Production No. 7

DOCUMENTS sufficient to show the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

7957051

## Plaintiff's Response to Request for Production No. 7

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show the amount sold of each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

## Defendant's Request for Production No. 8

DOCUMENTS sufficient to show the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

## Plaintiff's Response to Request for Production No. 8

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that gross revenue is not relevant to the calculation of the Royalty Period under the License Agreement. Plaintiff objects that the term "gross revenue" is vague and ambiguous. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show the amount of gross revenue and Net Sales for each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

## Defendant's Request for Production No. 9

DOCUMENTS sufficient to identify YOUR corporate organization, structure, and ownership, including documents sufficient to identify the parent companies, subsidiaries,

departments, divisions, or business units and the identity of persons having primary responsibility within such departments, divisions, or business units.

### **Plaintiff's Response to Request for Production No. 9**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Plaintiff states that all relevant information has been produced in Plaintiff's Initial Disclosures Under F.R.C.P. Rule 26(a). Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

### **Defendant's Request for Production No. 10**

All sales invoices and purchase orders related to any purchases of the ACCUSED PRODUCTS.

### **Plaintiff's Response to Request for Production No. 10**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking all sales invoices and purchase orders related to any purchases of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

### **Defendant's Request for Production No. 11**

All sales invoices and purchase orders for any of YOUR sales of the ACCUSED PRODUCTS.

### Plaintiff's Response to Request for Production No. 11

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking all sales invoices and purchase orders for any of "your" sales of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order.

### Defendant's Request for Production No. 12

All written agreements related to any purchase or sale of the ACCUSED PRODUCTS, including any contracts with any of YOUR manufacturers, suppliers, customers, or other purchasers.

### Plaintiff's Response to Request for Production No. 12

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking all written agreements related to any purchase or sale of the Accused Products including any contracts with any of "your" manufacturers, suppliers, customers, or other purchasers, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order.

### Defendant's Request for Production No. 13

DOCUMENTS sufficient to show all prices at which YOU have sold or offered to sell any of the ACCUSED PRODUCTS.

### Plaintiff's Response to Request for Production No. 13

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly

7957051

burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show all prices at which you have sold or offered to sell any of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order. Plaintiff further states this action is for breach of contract and offers to sell the Accused Products are not relevant. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

## Defendant's Request for Production No. 14

All DOCUMENTS that refer or relate to SIMPSON.

## Plaintiff's Response to Request for Production No. 14

Plaintiff objects to this request to the extent that it requires the production of materials prepared for litigation and/or documents protected by the attorney-client privilege and/or the work product privilege. A privilege schedule will be supplied under separate cover. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff further objects to this request as overly broad and unduly burdensome and also objects to this request as vague and ambiguous. Plaintiff also objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections including documents protected by privilege including attorney-client privilege, work product privilege and material produced in anticipation of litigation. However, in a good faith basis to respond to this request, responsive documents are submitted herewith.

## Defendant's Request for Production No. 16

All DOCUMENTS that refer or relate to either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS.

7957051

### Plaintiff's Response to Request for Production No. 16

Plaintiff objects to this request to the extent that it requires the production of materials prepared for litigation and/or documents protected by the attorney-client privilege and/or the work product privilege. A privilege schedule will be supplied under separate cover. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Plaintiff further objects to this request as overly broad and unduly burdensome and also objects to this request as vague and ambiguous. Plaintiff also objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

### Defendant's Interrogatory No. 1

IDENTIFY each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

### Plaintiff's Response to Interrogatory No. 1

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the conception, design, development, or reduction to practice of either of the Accused Products is not relevant. Further, Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

### Defendant's Interrogatory No. 2

DESCRIBE the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

### Plaintiff's Response to Interrogatory No. 2

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the process

7957051

of conceiving, designing, developing, and reducing to practice each of the Accused Products is not relevant. Further, Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

## Defendant's Interrogatory No. 3

If YOU contend that any attempt was made to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS, state all facts that refer or relate to such contention.

## Plaintiff's Response to Interrogatory No. 3

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Further Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Without waiving the foregoing objections, a good faith response to this Interrogatory is provided as follows: the Plaintiff did not attempt to design around United States Patent No. 7,874,113 B2 or U.S. Patent No. 8,161,702 B2 or any parent application of the Patents in connection with the Accused Products.

## Defendant's Interrogatory No. 7

IDENTIFY the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

## Plaintiff's Response to Interrogatory No. 7

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action, that the discovery sought is not proportional to the needs of the case and also objects to this request as overly broad and unduly burdensome and states that the Royalty Period is limited to six (6) years. Plaintiff further objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the Interrogatory seeking the amount sold of each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to providing same because Plaintiff has sought bifurcation of

damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order.

### Defendant's Interrogatory No. 8

IDENTIFY the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

### Plaintiff's Response to Interrogatory No. 8

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action, that the discovery sought is not proportional to the needs of the case and also objects to this Interrogatory as overly broad and unduly burdensome and states that gross revenue is not relevant to the calculation of the Royalty Period under the License Agreement. Plaintiff objects that the term "gross revenue" is vague and ambiguous. Plaintiff further objects to this Interrogatory insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the Interrogatory seeking documents sufficient to show the amount of gross revenue and Net Sales for each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiff's request or entered a Case Management Order.

### Defendant's Interrogatory No. 9

DESCRIBE the relationship, including corporate organization and ownership structure, between ICFC and all companies affiliated with ICFC.

### Plaintiff's Response to Interrogatory No. 9

Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff states that all relevant information has been produced in Plaintiff's Initial Disclosures Under F.R.C.P. Rule 26(a).

7957051

## IV.    ARGUMENT

Ipe Clip's objections to Simpson's discovery requests are all without merit, and, in many cases, have been rendered moot by actions by the Court.  Ipe Clip's objections based on claims of confidentiality and trade secrets have been addressed by the Stipulated Protective Order in the case.  *See* Dkt. No. 22.  Ipe Clip's objection that this is solely a breach of contract case was never viable, but is in any event now moot given Simpson's assertion of counter-claims that include patent infringement.

### A.    Requests for Production Nos. 1 and 2; Interrogatories No. 1 and 2

All of Plaintiff's objections related to discovery requests concerning the conception, design, development and reduction to practice of the Accused Products are moot, and lack merit in any event.  This lawsuit does not concern only breach of contract, and even if it did, Plaintiff concedes that the question of patent infringement must be addressed.  Fundamental to that inquiry is how the Accused Products work, what features they include, and when Plaintiff developed them.  The information sought by RFP Nos. 1 and 2 and Interrogatory Nos. 1 and 2, go directly to those issues and is typically obtained in patent infringement cases.  The information sought by these requests is also relevant to Simpson's claims of willful infringement, as the information may provide insight into Plaintiff's knowledge of the Patents-at-Issue. Further, the information sought by these requests is relevant to Plaintiff's defense that the Patents-at-Issue are invalid as obvious because their key features were well-known in the prior art.[2]  Although Plaintiff does not

---

[2] A patent is invalid as obvious pursuant to 35 U.S.C. 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

claim that the Accused Products are prior art to the Patents-at-Issue, if Plaintiff did not develop the features of the Accused Products that Simpson contends are infringing until after the patent filing priority date claimed by the Patents-at-Issue, that would tend to show that the disputed features are novel, non-obvious and therefore patentable.[3] Plaintiff has no valid reason to withhold the basic information sought concerning the Accused Products, especially since Plaintiff brought this lawsuit in the first instance asserting it has not breached the license agreement because it does not infringe the Patents-at-Issue.

**B.     Requests for Production Nos. 3 and 16; Interrogatory No. 3**

Ipe Clip's contention that the '415 Patent is completely irrelevant to the issues in this case and therefore Simpson is not entitled to any discovery related to it is simply wrong. Information concerning the '415 Patent, including related to Plaintiff's efforts to design-around the patent are relevant to several issues. The '415 Patent is central to the License Agreement in dispute. The parties must reference the '415 Patent to answer the threshold question of whether the Patents-at-Issue are "improvement patents thereof," especially as that phrase is not defined in the License Agreement. Accordingly, Simpson is entitled to a broad scope of information from Plaintiff regarding its knowledge and consideration of the '415 Patent. This is particularly necessary since Plaintiff's responses to RFP No. 3 and Rog No. 3 all but admit that Plaintiff attempted to design-around the '415 Patent. Simpson is entitled to know when, how, and why Plaintiff attempted to design-around the '415 Patent, and whether it considered its proposed design-arounds to be improvements of the inventions disclosed in the '415 Patent. Such information will

---

[3] The Patents-at-Issue claim a patent filing priority date in March 2003.

shed light on what constitutes an "improvement" and the manner in which Plaintiff may challenge that the Patents-at-Issue are "improvement patents" of the '415 Patent.

Simpson expects that Ipe Clip will argue that it has agreed to stipulate that the Patents-at-Issue fall within the scope of the License Agreement, thereby rendering inquiry into the '415 Patent irrelevant. But Plaintiff has not admitted that the Patents-at-Issue are "improvement patents" of the '415 Patent. Rather, during meet and confer, Plaintiffs focused on the language of an amendment to the License Agreement giving Plaintiff the right (but not the obligation) to license other patents belonging to Simpson's predecessor-in-interest, BHE, under certain terms. *See* Amendment to License Agreement, submitted under seal [Dkt. No. 24], ¶ 8, Ex. B, ¶ 8. While the Patents-at-Issue fall within the scope of the amendment, Plaintiff has not conceded they are "improvements" subject to the license and royalty obligations of the original agreement.

But even if Plaintiff concedes that the Patents-at-Issue are "improvement patents" of the '415 Patent, inquiry into that patent is still relevant to Plaintiff's defense that the Patents-at-Issue are invalid because they are obvious in view of the prior art. Plaintiff contends, for instance, that one of the key features of the Patents-at-Issue, namely portions of the fastener designed to compress in response to the expansion of deck boards to maintain gap spacing, was well known in the prior art. In determining whether a patented invention is invalid as obvious, courts consider a number of objective indicia of non-obviousness including long felt, but unresolved need, and failure of others. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d 1340 (Fed. Cir. 2012). Plaintiff contends in its Invalidity Contentions that as early

as 2001 (just prior to the License Agreement), the customers of Plaintiff's predecessor-in-interest had requested deck fasteners that provided for more gap spacing between boards.[4] (*See* Ex. D at 5-6.)  If Plaintiff's design-around efforts related to the '415 Patent attempted to respond to the customers' requests, but did not include such compressive elements, that would tend to show that such compressive features on wood deck fasteners are novel and non-obvious, and thus patentable.   Likewise, if Plaintiff's design-around efforts show that Plaintiff considered implementing compressive features but chose not to do so, or that Plaintiff attempted to include compressive elements but failed, that would also tend to show that the inventions of the Patents-at-Issue are novel and non-obvious. Discovery related to the '415 Patent is relevant to the issues in dispute and the information sought is proportional to the needs of the case.

C.    <u>**Request for Production Nos. 7, 8, 10-12; Interrogatories 7 and 8**</u>

Plaintiff has refused to produce documents or answer interrogatories relating to financial information concerning the Accused Products, including the amounts sold, gross revenue, and "net sales" as defined in the License Agreement.   Plaintiff has also refused to produce documents related to the purchase and sale of the Accused Products, such as invoices and purchase orders.   The requested documents and information are unquestionably relevant to this case.   As explained above, Simpson has asserted claims for patent infringement against Plaintiff in the event that Plaintiff argues or the Court

---

[4]  Plaintiff's principal, Robert Pelc, was also the principal of Plaintiff's predecessor-in-interest, R&B Marketing Corp., and apparently was involved in the development of the Accused Products.  According to the Invalidity Contentions, Mr. Pelc also has knowledge of the above-referenced customer requests and likely has knowledge of the design-around efforts related to the '415 Patent.  Simpson is entitled to determine what, if any, links exist between these events.

finds that the '702 Patent and the '113 Patent are not subject to the License Agreement, or the License Agreement is not enforceable for some reason. Information regarding Plaintiff's sales of the Accused Products, and Plaintiff's revenue and profit related to the Accused Products, goes to the calculation of lost profit damages, which are, of course, allowable in cases of patent infringement. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152, 1156 (6th Cir. 1978); *accord, Tate Access Floors, Inc. v. Maxcess Technologies, Inc.,* 222 F.3d 958, 971 (Fed. Cir. 2000).

Moreover, the requested financial information is also relevant to Simpson's claim of breach of the License Agreement (and Plaintiff's competing declaratory relief claim that no breach occurred). The License Agreement requires Plaintiff to make certain payments to Simpson based on its sales of licensed products. *See* License Agreement, submitted under seal [Dkt. No. 24], Ex. A, Article 3. Simpson is entitled to investigate Plaintiff's sales of the Accused Products in order to determine what royalty should have been paid by Plaintiff if the Accused Products had been included in the royalty calculation as Simpson argues should have occurred. Indeed, Simpson requires the information sought simply to understand the amount in controversy as Plaintiff has provided no information at all regarding its sales and revenue related to the Accused Products.

Plaintiff has argued that it is not obligated to produce financial information related to the Accused Products because Plaintiff has requested bifurcation of the liability and damages phase of this case. This argument is unavailing for a number of reasons. First, Plaintiff has not in fact filed a motion to bifurcate this action. The only thing that

Plaintiff has done is identify in the parties' Joint Case Management Report that bifurcation of discovery pertaining to liability and damages was an "unresolved issue concerning discovery" and propose that discovery damages not be allowed until after a claim construction decision.  *See* Dkt. No. 20, ¶ 6.  Such an informal proposal does not and cannot allow Plaintiff to avoid producing relevant information.  Second, even if Plaintiff had filed a formal motion seeking bifurcation of the discovery period for liability and damages – which Simpson would oppose – the Court has not ordered such a bifurcation.  Unless and until such a bifurcation is ordered, Plaintiff is obligated to produce all relevant information, including financial information.  Plaintiff should be compelled to provide this basic financial information.

### D.     Request for Production No. 9; Interrogatory 9

Plaintiff's refusal to provide basic information regarding its corporate structure is without merit, and Plaintiff's reliance on its Rule 26(a) Initial Disclosures as a basis for objection is unavailing.  In its Rule 26(a) disclosure, Plaintiff identified only one witness on whom it intends to rely, Plaintiff's principal, Robert Pelc.  But Simpson is entitled to more than simply an identification of persons on whom Plaintiff intends to rely to support its case.  Simpson is entitled to information to allow it to identify all those with potentially relevant information, and to identify the sources of such potentially relevant information.  Simpson at this point has no knowledge as to how Plaintiff is organized, so it does not know, for instance, whether a separate entity actually designs and makes the Accused Products, or if that work is performed within Ipe Clip itself.  Simpson's requests are proportional to the needs of the case and certainly are not overly burdensome for Ipe

Clip, which knows its corporate structure and likely has an organizational chart that outlines it. Plaintiff should be compelled to provide this basic information.

      **E.**     <u>**Request for Production No. 14**</u>

Although Plaintiff has produced a handful of documents related to Simpson, its response to RFP No. 14 indicates that it is withholding additional non-privileged documents. Plaintiff states that "[p]ursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections <u>including</u> documents protected by privilege including attorney-client privilege, work product privilege and material produced in anticipation of litigation." (emphasis added). In an effort to resolve the dispute, Simpson's counsel requested that Plaintiff identify by category the types of non-privileged documents it is withholding so that Simpson can decide whether to seek certain documents. *See* Ex. C at 3; Ex. E at 2. Simpson believes its RFP is reasonably particularized, and that its request for a categorization of the withheld non-privileged documents is reasonable because the parties' only relationship is based on the License Agreement; accordingly, virtually all non-privileged documents likely relate in some manner to the business relationship currently in dispute. But Plaintiff has refused to identify by category <u>any</u> of the non-privileged documents it is withholding and has not indicated any further production is forthcoming. Under the circumstances, the Court should compel Plaintiff to produce all documents related to Simpson in Plaintiff's possession, custody or control to ensure that Simpson obtains all relevant information to which it is entitled.

V.    **CONCLUSION**

Simpson respectfully seeks an order compelling Plaintiff to produce documents responsive to Simpson Requests for Production 1-3, 7-14, and 16 and completely answer Interrogatories 1-3 and 7-9. Furthermore, because Plaintiff's refusal to both produce the requested documents and answer the relevant Interrogatories is not substantially justified, Simpson also seeks recovery of the attorneys' fees and expenses necessitated by this motion pursuant under Fed. R. Civ. P. 37(a)(5).

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.10(g), Counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested herein.  No resolution could be reached and the matter is therefore submitted to the Court for resolution.

Dated May 19, 2017.                              Respectfully submitted,

                                                 */s/ Michael J. Colitz, III*
                                                 Michael J. Colitz, III
                                                 **TRIAL COUNSEL**
                                                 Florida Bar No. 164348
                                                 Cole Y. Carlson
                                                 Florida Bar No.  112863
                                                 GRAYROBINSON, P.A.
                                                 401 E. Jackson Street, Suite 2700
                                                 Tampa, FL 33602
                                                 Telephone: (813) 273-5000
                                                 Facsimile: (813) 273-5145
                                                 michael.colitz@gray-robinson.com
                                                 cole.carlson@gray-robinson.com

                                                 Joseph V. Mauch
                                                 Erick C. Howard
                                                 Arthur J. Shartsis
                                                 *Admitted Pro Hac Vice*
                                                 Shartsis Friese LLP
                                                 One Maritime Plaza
                                                 Eighteen Floor
                                                 San Francisco, CA 94111
                                                 Telephone: (415) 421-6500

7957051

jmauch@sflaw.com
ehoward@sflaw.com
ashartsis@sflaw.com

*Counsel for Defendant
and Counter-Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, I filed the foregoing with the Court's

CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.


*/s/ Michael J. Colitz, III*
Michael J. Colitz, III