# Exhibit A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| THE IPE CLIP FASTENER COMPANY, LLC, | Case No.: 8:16-cv-02862-SDM-TGW |
| Plaintiff, | Related Case No.: 8:16-cv-03295-SDM-TBM |
| v. | |
| SIMPSON STRONG-TIE COMPANY, INC., | |
| Defendant | |

**SIMPSON STRONG-TIE COMPANY, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE**
**IPE CLIP FASTENER COMPANY, LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant Simpson Strong-Tie Company, Inc., ("Simpson") hereby requests that Plaintiff and Counter-Defendant The Ipe Clip Fastener Company, LLC ("ICFC") produce the documents and materials described in this request for inspection and copying no later than thirty (30) days from the date of service at the offices of Gray Robinson, P.A., 401 E. Jackson Street, Suite 2700, Tampa, FL 33602 or at another mutually agreeable location.

**DEFINITIONS**

1.  These Requests are deemed to be continuing so as to require additional answers and further information as it is obtained through the time of trial.

2.  Please see L.R. 3.03 for additional instructions and definitions.

3.  Each Request shall be construed to include any documents and/or things that are later discovered by you.

1

4. If any Request for Documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information in the written response designating those documents which you decline to produce:

    a. the reason for withholding the document;

    b. a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

    c. a brief description of the document, including:

        i. the date of the document;

        ii. number of pages, attachments and appendices;

        iii. the names of its author, authors or preparers and an identification by employment and title of each such person;

        iv. the name of each person who was sent, shown, has had access to or custody of the document, together with an identification of each such person;

        v. the present custodian; and

        vi. the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

5. Separate and complete responses are required for each Request.

6. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify each such document and provide the following information in the written response designating each document that cannot be produced:

    a. The date or approximate date it was lost, discarded, or destroyed;

    b.  The circumstances and manner in which it was lost, discarded, or destroyed;

    c.  The reason or reasons for disposal of the document (if discarded or destroyed);

    d.  The identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

    e.  The identity of the person(s) who lost, discarded, or destroyed the document; and

    f.  The identity of all persons having knowledge of the contents thereof.

  7.  If you claim there is any ambiguity in any term in any request, without waiver of ICFC's right to seek a full and complete answer to the request, you shall assume a reasonable meaning, state what that assumed meaning is, and answer the request according to the assumed meaning. You shall set forth the matter deemed ambiguous and the construction used in answering.

  8.  Each request shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, your control. In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

  9.  If any request is allegedly objectionable because of overbreadth, you must respond to the extent the request is not overbroad. In other words, an objection for over

3

breadth does not relieve your duty to respond to an extent that it is not overbroad while the parties await judicial determination on the validity of the objection.

10. No part of any request shall be left unanswered merely because an objection is interposed to another part of the request.

11. "All documents" means every document which can be located, discovered, or obtained by reasonable diligent efforts, including without limitation all documents possessed by: (a) you or your counsel; or (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within you possession by demand.

12. "YOU" or "ICFC" means The Ipe Clip Fastener Company LLC and includes any and all of its predecessors and successors-in-interest in their business, and any and all parents, subsidiaries, divisions, affiliates and affiliated entities and persons as well as the respective present and former officers, directors, agents, employees, attorneys, accountants, consultants, representatives and all others associated with the foregoing.

13. "SIMPSON" means Simpson Strong-Tie Company Inc. and includes any and all of its predecessors and successors-in-interest in their business, and any and all parents, subsidiaries, divisions, affiliates and affiliated entities and persons as well as the respective present and former officers, directors, agents, employees, attorneys, accountants, consultants, representatives and all others associated with the foregoing.

14. "BHE" means Blue Heron Enterprises Inc. and includes any and all of its predecessors and successors-in-interest in their business, and any and all parents, subsidiaries, divisions, affiliates and affiliated entities and persons as well as the respective present and former officers, directors, agents, employees, attorneys, accountants, consultants, representatives and all others associated with the foregoing.

15. "DOCUMENT(S)" means, as set forth in Rule 1001 of the Federal Rules of Evidence, any writing consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

16. "ACCUSED PRODUCTS" means the deck clips marketed and sold by ICFC as the "Extreme4" and the "ExtremeKD."

17. "PATENTS" means U.S. Patent No. 7,874,113 B2 and U.S. Patent No. 8,161,702 B2.

18. "ROYALTY PERIOD" means the annual period beginning on June 11 of each year and ending on June 10 of the following year, starting in 2002 and continuing to the present.

19. "NET SALES" means the price of any ACCUSED PRODUCT sold per se or incorporated in the products sold by ICFC less deductions for other components contained in kits comprising the ACCUSED PRODUCTS, returns, recalls, voluntary withdrawals, price reductions, shipping costs, and sales and other taxes directly linked to sales.

20. Simpson expressly requests electronic data and electronically stored information be produced as searchable .pdf or .tiff documents or another format agreed upon by the parties.

21. Unless otherwise indicated, the relevant time period for the following interrogatories is 2002 to present, inclusive.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. DOCUMENTS sufficient to show each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

2. All DOCUMENTS referring or relating to the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

3. All DOCUMENTS referring or relating to any attempt to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS.

4. DOCUMENTS sufficient to show the date(s) when each of the ACCUSED PRODUCTS was first advertised, marketed, offered for sale, or sold.

5. DOCUMENTS sufficient to show each and every person who has manufactured any of the ACCUSED PRODUCTS.

6. DOCUMENTS sufficient to show each and every person who has sold any of the ACCUSED PRODUCTS.

7. DOCUMENTS sufficient to show the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

8. DOCUMENTS sufficient to show the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

9. DOCUMENTS sufficient to identify YOUR corporate organization, structure, and ownership, including documents sufficient to identify the parent companies, subsidiaries, departments, divisions, or business units and the identity of persons having primary responsibility within such departments, divisions, or business units.

10. All sales invoices and purchase orders related to any purchases of the ACCUSED PRODUCTS.

11. All sales invoices and purchase orders for any of YOUR sales of the ACCUSED PRODUCTS.

12. All written agreements related to any purchase or sale of the ACCUSED PRODUCTS, including any contracts with any of YOUR manufacturers, suppliers, customers, or other purchasers.

13. DOCUMENTS sufficient to show all prices at which YOU have sold or offered to sell any of the ACCUSED PRODUCTS.

14. All DOCUMENTS that refer or relate to SIMPSON.

15. All DOCUMENTS that refer or relate to BHE.

16. All DOCUMENTS that refer or relate to either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS.

Dated: February 7, 2017.

Respectfully submitted,

*/s/ Joseph V. Mauch*
Michael J. Colitz, III
**TRIAL COUNSEL**
Florida Bar No. 164348
Cole Y. Carlson
Florida Bar No.  112863
GRAY ROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
michael.colitz@gray-robinson.com
cole.carlson@gray-robinson.com

Joseph V. Mauch
Erick C. Howard
Arthur J. Shartsis
*Admitted Pro Hac Vice*
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
jmauch@sflaw.com
ehoward@sflaw.com
ashartsis@sflaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2017, a true and correct copy of the foregoing **SIMPSON STRONG-TIE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE IPE CLIP FASTENER COMPANY, LLC** was electronically served to:

J. Todd Timmerman, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian
Florida Bar No. 0085868
jfabian@sIk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Jennifer L. Friedman
Schröder, Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, New York 14202
Telephone No.: (716) 881-4900 Phone
Facsimile No.: (716) 881-4909 Fax
jfriedman@sjalegal.com

*Attorneys for Plaintiff and Counter-Defendant,*
*The Ipe Clip Fastener Company, LLC*

                                                                 */s/ Cristina Pelayo*
                                                                 Cristina Pelayo

7910838