# Exhibit B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| THE IPE CLIP FASTENER COMPANY, LLC, | Case No.: 8:16-cv-02862-SDM-TGW |
| Plaintiff, | Related Case No.: 8:16-cv-03295-SDM-TBM |
| v. | |
| SIMPSON STRONG-TIE COMPANY, INC., | |
| Defendant, | |

\_

## SIMPSON STRONG-TIE COMPANY'S FIRST SET OF INTERROGATORIES TO THE IPE CLIP FASTENER COMPANY, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant Simpson Strong-Tie Company, Inc., ("Simpson") hereby requests that Plaintiff and Counter-Defendant The Ipe Clip Fastener Company, LLC ("ICFC") provide full and complete answers in writing under oath to the following interrogatories within thirty (30) days from the date of service of this Request.

## DEFINITIONS AND INSTRUCTIONS

1. These Requests are deemed to be continuing so as to require additional answers and further information as it is obtained through the time of trial.

2. Please see L.R. 3.03 for additional instructions and definitions.

3. Each Interrogatory shall be construed to include any information that is later discovered by you.

4. With respect to any refusal to respond to any of these interrogatories based upon a claim of privilege, state for each objection to the interrogatory to which the

purportedly privileged information is responsive, its general subject matter, all person(s) with information relating to the interrogatory, all person(s) with information relating to the subject matter that is purportedly privileged, and the nature or basis of the privilege claimed.

5. Separate and complete responses are required for each Interrogatory.

6. If you claim there is any ambiguity in any term in any interrogatory, without waiver of Simpson's right to see a full and complete answer to the interrogatory, you shall assume a reasonable meaning, state what that assumed meaning is, and answer the interrogatory according to the assumed meaning. You shall set forth the matter deemed ambiguous and the construction used in answering.

7. If any interrogatory is allegedly objectionable because of over breadth, you must answer the interrogatory to the extent the interrogatory is not overbroad. In other words, an objection for over breadth does not relieve your duty to respond to an extent that it is not overbroad, while the parties await judicial determination on the validity of the objection.

8. In answering these interrogatories, you are to furnish all information known to you, including information obtained by or in possession of your attorneys, and not merely information known to you of your own knowledge.

9. If you are unable after due diligence to answer any of the interrogatories fully and completely or to secure information necessary to make such a full and complete answer, so state such fact, and answer each interrogatory to the fullest extent possible, specifying the information known to you and your inability to answer the remainder of the interrogatory, and stating whatever information or knowledge you may have concerning the unanswered portions of the interrogatory and the efforts made by you to obtain the requested information.

10. No part of any interrogatory shall be left unanswered merely because an objection is interposed to another part of the request.

11. "YOU" or "ICFC" means The Ipe Clip Fastener Company LLC and includes any and all of its predecessors and successors-in-interest in their business, and any and all parents, subsidiaries, divisions, affiliates and affiliated entities and persons as well as the respective present and former officers, directors, agents, employees, attorneys, accountants, consultants, representatives and all others associated with the foregoing.

12. "ACCUSED PRODUCTS" means the deck clips marketed and sold by ICFC as the "Extreme4" and the "ExtremeKD."

13. "PATENTS" means U.S. Patent No. 7,874,113 B2 and U.S. Patent No. 8,161,702 B2.

14. "ROYALTY PERIOD" means the annual period beginning on June 11 of each year and ending on June 10 of the following year, starting in 2002 and continuing to the present.

15. "IDENTIFY" means:
   a. with respect to a document,
      i. the type of document, whether a letter, memorandum, report, agreement, recording, notation, electronic data, etc.;
      ii. any caption, heading and/or date shown on the face of the document or in the electronic media;
      iii. the identity of each individual who organized, initialed, signed, authored, prepared or received (and if the same was done on behalf on any person, the identity of such person), or is in any way referred to in the document or electronic data;

    iv. the number of pages if written or the approximate size or length if recorded; and

    v. The general subject matter of the document and/or electronic data:

  b. with respect to a natural person, his

    i. full name;

    ii. occupation and employer, if any;

    iii. business and home address; and

    iv. business and home telephone number;

  c. with respect to an entity

    i. its full name;

    ii. the jurisdiction under whose laws it was organized;

    iii. its principal office and address and telephone number; and

    iv. its principal officer or member known to you.

16. "DESCRIBE" means to state all information necessary to provide a full, complete, and reasonable answer, including, but not limited to, the following: the dates of events being described and the length of time of the process being described; and

17. "NET SALES" means the price of any ACCUSED PRODUCT sold per se or incorporated in the products sold by ICFC less deductions for other components contained in kits comprising the ACCUSED PRODUCTS, returns, recalls, voluntary withdrawals, price reductions, shipping costs, and sales and other taxes directly linked to sales.

18. Unless otherwise indicated, the relevant time period for the following interrogatories is from 2002 to present, inclusive.

# INTERROGATORIES

**Interrogatory No. 1**: IDENTIFY each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

**Answer to Interrogatory No. 1**:

**Interrogatory No. 2**: DESCRIBE the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

**Answer to Interrogatory No. 2**:

**Interrogatory No. 3**: If YOU contend that any attempt was made to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS, state all facts that refer or relate to such contention.

**Answer to Interrogatory No. 3**:

**Interrogatory No. 4**: IDENTIFY the date(s) when each of the ACCUSED PRODUCTS was first advertised, marketed, offered for sale, or sold.

**Answer to Interrogatory No. 4**:

**Interrogatory No. 5**: IDENTIFY each and every person who has manufactured any of the ACCUSED PRODUCTS.

**Answer to Interrogatory No. 5**:

**Interrogatory No. 6**: IDENTIFY each and every person who has sold any of the ACCUSED PRODUCTS.

**Answer to Interrogatory No. 6**:

**Interrogatory No. 7**: IDENTIFY the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**Answer to Interrogatory No**. 7:

**Interrogatory No. 8**: IDENTIFY the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**Answer to Interrogatory No. 8**:

**Interrogatory No. 9**: DESCRIBE the relationship, including corporate organization and ownership structure, between ICFC and all companies affiliated with ICFC.

**Answer to Interrogatory No. 9**:

Dated: February 7, 2017.                    Respectfully submitted,

                                            */s/ Joseph V. Mauch*
                                            Michael J. Colitz, III
                                            **TRIAL COUNSEL**
                                            Florida Bar No. 164348
                                            Cole Y. Carlson
                                            Florida Bar No. 112863
                                            GRAY ROBINSON, P.A.
                                            401 E. Jackson Street, Suite 2700
                                            Tampa, FL 33602
                                            Telephone: (813) 273-5000
                                            Facsimile: (813) 273-5145
                                            michael.colitz@gray-robinson.com
                                            cole.carlson@gray-robinson.com

                                            Joseph V. Mauch
                                            Erick C. Howard
                                            Arthur J. Shartsis
                                            *Admitted Pro Hac Vice*
                                            Shartsis Friese LLP
                                            One Maritime Plaza
                                            Eighteen Floor
                                            San Francisco, CA 94111
                                            Telephone: (415) 421-6500
                                            jmauch@sflaw.com
                                            ehoward@sflaw.com
                                            ashartsis@sflaw.com

                                            *Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2017, a true and correct copy of the foregoing SIMPSON STRONG-TIE COMPANY'S FIRST SET OF INTERROGATORIES TO THE IPE CLIP FASTENER COMPANY, LLC was electronically served to:

J. Todd Timmerman, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian
Florida Bar No. 0085868
jfabian@sIk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Jennifer L. Friedman
Schröder, Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, New York 14202
Telephone No.: (716) 881-4900 Phone
Facsimile No.: (716) 881-4909 Fax
jfriedman@sjalegal.com

*Attorneys for Plaintiff and Counter-Defendant,*
*The Ipe Clip Fastener Company, LLC*

                                      */s/ Cristina Pelayo*
                                      Cristina Pelayo

7903140