# Exhibit C

# SF SHARTSIS FRIESE LLP

One Maritime Plaza ⬥ Eighteenth Floor
San Francisco, California 94111-3598

Erick C. Howard
ehoward@sflaw.com
(415) 421-6500
Fax: (415) 421-2922

March 22, 2017

**VIA EMAIL AND MAIL**

Jennifer L. Friedman
Schöder Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, NY 14202

Re:  *Ipe Clip's Responses to Simpson's Discovery Requests*

Dear Ms. Friedman:

We are in receipt of The Ipe Clip Fastener Company, Inc's. ("Ipe Clip") responses to Simpson Strong-Tie Company, Inc.'s ("Simpson") First Set of Requests for Production of Documents and First Set of Interrogatories. This letter serves as an attempt to meet and confer regarding the same and to avoid the necessity for motions to compel.

As an initial matter, Ipe Clip's general objection to both the documents requests and interrogatories as being improper insofar as they relate to Case No. 8:16-cv-03295 (the "03925 Case") is without merit. The Court's January 19, 2017 order (Dkt. No. 28) transferred the 03295 Case to Judge Merryday, and the parties held a Rule 26(f) conference regarding both cases on January 30, 2017. Simpson is fully entitled to conduct discovery pursuant Rule 26(d)(1). Contrary to Ipe Clip's contention, its pending motion to dismiss does not suspend its obligation to provide discoverable information in good faith. Neither is a joinder of Issue in Case No. 8:16-cv-02862 (the "02862 Case") required before Simpson is entitled to receive discovery. And as discussed more fully below, Ipe Clip has already acknowledged that the claims in the 03295 and 02862 Cases "are two sides of the same coin." There is no basis for Ipe Clip's objection that Simpson is precluded from obtaining discovery related to both actions.

Ipe Clip also refused to produce responsive documents and answer the interrogatories on the ground that the requests seek confidential or proprietary information. However, the parties have agreed to abide by the Stipulated Protective Order ("PO") they jointly submitted to the Court. Although the Court has not yet signed the PO, Simpson understands that in the Middle District of Florida, the parties' agreement to abide by terms of a PO is sufficient to obviate objections based on confidentiality, even where the Court has yet to execute the PO.

Confidentiality is not a roadblock to producing responsive documents or answering Simpson's interrogatories.

We discuss our concerns with Ipe Clip's discovery responses in more detail below, and attempt to generally group the document requests, interrogatories, and Ipe Clip's responses to aid the meet and confer process. Ipe Clip has refused to produce responsive documents in connection with each of Simpson's 16 document requests, and produced a subset of responsive documents only in relation to Requests 4, 14 and 15. Likewise, Ipe Clip has refused to provide full answers to all 9 of Simpson's interrogatories, providing partial responses to only Interrogatories 3 and 4. Ipe Clip's various bases for withholding clearly relevant and discoverable documents and information sought by the interrogatories are without merit.

Requests 1 and 2 seek documents related to the conception, design, and reduction to practice of the Accused Products. Interrogatories 1 and 2 seek similar information, including the identities of those involved in the process. Ipe Clip asserts that this information is irrelevant because "this action is for breach of contract." Ipe Clip's contention is disingenuous inasmuch as it agreed in the parties' jointly submitted Case Management Report ("CMR") that "adjudication of this case requires determining whether the Accused Products are covered by the patents-at-issue" and agreed that the Court should institute patent-specific procedures in connection with this matter. Indeed, Ipe Clip acknowledged in the CMR that "this action" includes Simpson's claims for patent infringement. Documents and information concerning the conception, design and reduction to practice of the Accused Products is clearly relevant and discoverable in a patent case. Such information is not only proportional to the needs of the case, but a central issue that may fundamentally affect the claims and defenses of the parties. We note that Ipe Clip asserted the "action for breach of contract" basis for objection to many of Simpson's discovery requests. But that assertion, under the circumstances, does not shield Ipe Clip from producing the information sought by the requests and interrogatories, including Requests 5 and 6 and Interrogatories 5 and 6.

Request 3 seeks documents related to any efforts by Ipe Clip to design around U.S. Patent No. 6,402,415 (the "'415 Patent"), the patents-at-issue, or any parent application of the patents-at-issue. Request 16 seeks documents related to the '415 Patent or any parent of the patents-at issue. Interrogatory 3 asks Ipe Clip to describe the facts regarding its design around efforts. Ipe Clip concedes that such documents and information related to the '415 Patent and parents of the patents-at-issue exist, yet it refuses to produce any responsive documents or fully answer the interrogatory. Ipe Clip cannot seriously dispute that its knowledge of or attempts to design around a parent of the patents-at-issue is relevant to whether the Accused Products read on the patents-at-issue, or Ipe Clip's knowledge of the patents-at-issue. Ipe Clip's contention that the '415 Patent is irrelevant to this case is simply wrong. The '415 Patent is referenced in the license agreement, in particular, concerning the scope of products within the ambit of the license. The documents and information being withheld must be produced.

Although Simpson appreciates that Ipe Clip produced some documents responsive to Request 4 and partially answered Interrogatory 4, the responses remain deficient. Simpson is

entitled to information related to the first advertising, marketing, or offering for sale of the Accused Products. The documents sought are basic information in a patent infringement-related case, and are clearly within Ipe Clip's possession and control. It is no more burdensome to provide information related to first advertising, marketing, and offers for sale, than it is to provide first sale information.

Requests 6, 7, 8, 10, 11, 12, and 13 all seek documents that are relevant at least to Simpson's claims for damages under various theories of liability. Interrogatories 6-8 seek similar information. Ipe Clip's principal objection to many of these document requests and interrogatories is that its request for bifurcation of damages discovery has not yet been addressed by the Court. But the fact that Ipe Clip requested such bifurcation does not suspend its obligation to provide clearly relevant information in response to Simpson's discovery requests. Ipe Clip also objects to several of the requests and interrogatories on the ground that the relevant period should be limited to "6 years at most." Ipe Clip fails to identify the rationale for such a restriction. The "relevant period" objection acknowledges that documents and information falling within Ipe Clip's proposed restriction are relevant, and therefore should have been provided. The information sought by these Requests are all related to ensuring a proper calculation of Simpson's damages, and again, is basic information in both a breach of contract for non-payment of royalties case, and a patent infringement action.

Request 9 seeks documents sufficient to identify Ipe Clip's corporate organization, structure and ownership. Interrogatory 9 seeks a description of the organizational structure. Again this is a basic request for information and far from an undue burden. Ipe Clip's contention that the request does not sufficiently state with reasonable particularity the category of documents sought is baseless. The document request is reasonably specific, and Ipe Clip can certainly identify documents in its possession that fairly identify its parent companies, its subsidiaries, its departments, its divisions, its business units, and the people having primary responsibilities within those structures. Ipe Clip's reference to its Initial Disclosures in connection with Interrogatory 9 is without merit. The Initial Disclosures do not provide the information sought by the interrogatory at all, and Ipe Clip cannot unilaterally determine what information is relevant.

Request 15 seeks all documents related to Simpson. Although Simpson appreciates that Ipe Clip produced some responsive documents, Simpson is entitled to know the nature of the documents being withheld so that it can fairly assess Ipe Clip's claim that such documents are irrelevant.

Finally, Request 16 seeks all documents related to BHE. Simpson requests that Ipe Clip produce documents responsive to this request in the same manner it produced the documents that accompanied its discovery responses. In addition, Simpson requests that Ipe Clip identify the nature of the documents responsive to this request that it withholds so that Simpson can fairly assess the relevance of such documents.

      We would like to have a conference call on Monday, March 27, to discuss these matters. Please advise when you are available for a call that day.

                        Very truly yours,

                        *Erick C. Howard*

                        Erick C. Howard

ECH/sft

01435\189\7935106.v1