# Exhibit E

# SF SHARTSIS FRIESE LLP
One Maritime Plaza ⬥ Eighteenth Floor
San Francisco, California 94111-3598

Erick C. Howard
ehoward@sflaw.com
(415) 421-6500
Fax: (415) 421-2922

April 10, 2017

<u>VIA EMAIL (jfriedman@sjalegal.com)</u>

Jennifer L. Friedman
Schöder Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, NY 14202

     Re:    *Ipe Clip v. Simpson*

Dear Jennifer:

     We write in response to your email correspondence of April 6, 2017, and further to the parties' meet and confer teleconference on March 30, 2017.

     Regarding your email correspondence, Simpson appreciates that Ipe Clip acknowledges that the '113 and '702 Patents (the "Patents-at-Issue") are within the scope of the License Agreement. However, Simpson cannot agree to dismiss its patent infringement claims at this time. The case is still in its early stages and it is still uncertain what defenses Ipe Clip may assert concerning the interpretation and scope of the License Agreement, even if it is assumed the '113 and '702 Patents are within its scope. Accordingly, Simpson believes it must preserve all its claims, including its claims for patent infringement, to ensure it is not estopped from asserting them.

     Concerning the parties' meet and confer teleconference, Simpson has considered its discovery requests in light of our March 30th discussion and Ipe Clip's Non-Infringement and Invalidity Contentions served on April 3, 2017. The Non-Infringement and Invalidity Contentions reinforce Simpson's belief that the categories and scope of documents and interrogatory subjects set forth in its discovery requests are all relevant, reasonable and proper under the circumstances. We discuss Simpson's positions with respect to the discovery requests in more detail below.

     <u>Requests 1 and 2; Interrogatories 1 and 2</u>: Information concerning the conception, design and reduction to practice of the Accused Products is relevant at least to Ipe Clip's contention that the inventions of the Patents-at-Issue are invalid as obvious in view of the prior art. In particular, Ipe Clip asserts in its invalidity contentions that Ipe Clip rendered and/or manufactured several hidden clip fastener designs that Ipe Clip claims bolster its arguments that the Patents-at-Issue are obvious. Simpson is entitled to probe Ipe Clip's obviousness defense, including by

discovering information related to the creation of the Accused Products in light of the Ipe Clip products and designs referenced in its Invalidity Contentions.

Requests 3 and 16; Interrogatory 3: Information concerning Ipe Clip's designaround efforts related to the '415 Patent, or any parent of the Patents-at-Issue, is relevant at least to Ipe Clip's obviousness defense. The information is also relevant to any defense that the Patents-at-Issue are not "improvements" to the '415 Patent, irrespective of whether Ipe Clip otherwise acknowledges that the Patents-at-Issue are within the scope of the License Agreement. Likewise, documents related to the '415 Patent and parents of the Patents-at-Issue are relevant to the issue of "improvements" and "improvement patents" referenced in the License Agreement, especially in light of the obviousness defense. We note that Ipe Clip has thus far refused to produce any documents related to any parent patents or patent applications to the Patents-at-Issue as sought by Request 16 although the information sought is clearly relevant to numerous issues.

Request 4; Interrogatory 4: Information concerning the marketing, sale and promotion of the Accused Products is relevant at least to Ipe Clip's obviousness defense. As one example, the manner in which Ipe Clip has touted the Accused Products, and in particular the patented features of the products, is relevant to the determination of whether the inventions of the Patents-at-Issue are obvious or novel. Moreover, the marketing and advertising may demonstrate that Ipe Clip believes that the Accused Products have features Ipe Clip now contends in its Non-Infringement Contentions are not present in the Accused Products.

Requests 5 and 6; Interrogatories 5 and 6: The identity of persons who have manufactured or sold the Accused Products is relevant to Ipe Clip's obviousness defense, inasmuch as the industry's consideration and reaction to products having the patented features is an important factor in the obviousness analysis. Simpson is entitled to the identities of those who may have evidence regarding this factor, and Ipe Clip admits that it has the requested information.

Requests for Production 7, 8, 10, 11, 12, 13; Interrogatories 7 and 8: Sales, revenue, price and other information sought by these requests are clearly relevant to Simpson's damages claims, in addition to Ipe Clip's obviousness defense. Ipe Clip's gross revenues and sales of the Accused Products is relevant and necessary for Simpson to make royalty calculations and confirm that what Ipe Clip represents as its "Net Sales" as referred to in the License Agreement is accurate. The information is also relevant at least to the obviousness defense. For instance, among the factors considered is the commercial success of the products having the patented features, which can be derived from the revenues attributable to those products. Simpson is willing to narrow the scope of these particular requests to six years from the date of the lawsuit, though it reserves the right seek information related to the earlier periods as appropriate.

Request 9 and Interrogatory 9: We do not believe there is any basis for Ipe Clip to refuse to produce the organizational structure-related documents and information sought by these discovery requests for the reasons set forth in our March 22, 2017 letter.

Requests for Production 14 and 15: Ipe Clip has not identified the categories of documents it is withholding related to the Simpson and BHE, respectively. Accordingly,

Simpson demands that Ipe Clip produce all the documents sought by these Requests without delay.

      Please confirm that Ipe Clip will produce the documents and information sought by the discovery requests so that they are received by no later than April 17, 2017. If Ipe Clip refuses to provide the discovery, Simpson will have no choice but to seek the Court's assistance to obtain it.

                Very truly yours,

                *Erick C. Howard*

                Erick C. Howard

ECH/sft

cc:    Joseph V. Mauch
       Michael Colitz, III

01435\189\7949288.v1