# Exhibit F

**Jennifer L. Friedman**
(716) 881-4900
jfriedman@sjalegal.com



April 18, 2017

<u>Via E-Mail Only</u>

Mr. Erick Howard, Esq.
Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111-3598

  Re: Meet and Confer

Dear Erick:

  Thank you for your letter dated April 10, 2017. Ipe Clip remains committed to finding a resolution to the discovery issues set forth in your letter.

  Regarding Simpson's patent infringement claims against Ipe Clip, I appreciate your diligence in seeking to protect your client against a perceived "gotcha" with respect to the License Agreement. However, we still remain interested in narrowing the issues and we believe that Simpson's patent infringement claims are duplicative and will be dismissed once the Court decides Ipe Clip's Motion to Dismiss. In the meantime, however, I would like to discuss with you what will increase Simpson's comfort level. Both parties have acknowledged that the two Simpson patents and the Accused Products (as deck fasteners) fall under the scope of the License Agreement. Of course, Ipe Clip disputes that the Accused Products are covered by either of the two Simpson Patents. We have discussed a stipulation confirming Ipe Clip's and Simpson's understanding that the Patents-in-Suit fall under the scope of the License Agreement. Would adding language similar to the following help? The Parties agree that the Accused Products are subject to the License Agreement, but the Parties dispute that the Accused Products are covered by the two Simpson Patents. If more is needed for Simpson to agree to dismiss the patent infringement claims, Ipe Clip is willing to hear what other conditions Simpson has.

  Requests 1 and 2; Interrogatories 1 and 2: Information concerning the conception, design and reduction to practice of the Accused Products. Ipe Clip does not agree with your argument that this discovery is relevant at least to Ipe Clip's contention that the inventions of the Patents-at-Issue are invalid as obvious in view of the prior art. The Accused Products are not prior art to the two Simpson patents and Ipe Clip has not contended that they are.

  Requests 3 and 16; Interrogatory 3: design-around information. Ipe Clip has not asserted that the '415 Patent renders the two Simpson Patents obvious. Furthermore, whether the two Simpson Patents are improvements or not is irrelevant given that the License Agreement covers the two Simpson Patents, as repeatedly acknowledged by both parties. Your efforts to continue to seek discovery relating to the unasserted '415 patent is mystifying. However, in a good faith


**Jennifer L. Friedman**
(716) 881-4900
jfriedman@sjalegal.com



gesture to resolve this issue, Ipe Clip will supplement its discovery responses by the end of this week.

      Request 4; Interrogatory 4: Interrogatory No. 4 states: "IDENTIFY the date(s) when each of the ACCUSED PRODUCTS was first advertised, marketed, offered for sale, or sold." Document Request No. 4 seeks the same information. Ipe Clip advised Simpson of the first date of sale for each Accused Product. The date when the Accused Products were first advertised, marketed or offered for sale is not relevant.

      Requests 5 and 6; Interrogatories 5 and 6: The identity of persons who have manufactured or sold the Accused Products. Ipe Clip does not agree that the identity of persons who manufactured or sold the Accused Products is relevant to secondary considerations of obviousness. I am unsure what you mean by "the industry's consideration and reaction to products having the patented features is an important factor in the obviousness analysis…" To which secondary consideration are you referring?

      Requests for Production 7, 8, 10, 11, 12, 13; Interrogatories 7 and 8: Sales, revenue, price and other information. Ipe Clip appreciates your willingness to narrow the time period to the last six years. However, given Ipe Clip's bifurcation request to the Court, producing this information now will render that request moot. Further, much of the information is overbroad and irrelevant as stated in Ipe Clip's previous documents and as I stated during our telephone conversation.

      Request 9 and Interrogatory 9: organizational documents. Simpson has not provided any non-conclusory reason why this discovery into Ipe Clip's organization is relevant and Ipe Clip maintains its objections, including to their relevance.

      Requests for Production 14 and 15: requests seeking all documents that refer or relate to Simpson or BHE. Requests such as these are routinely stricken by courts for being overly broad, burdensome and irrelevant. Ipe Clip has documents responsive to this request that have been identified on a privilege log. However, Ipe Clip agrees that it will supplement its response by the end of the week.

      Although not mentioned in your April 10th letter, I ask again for the contact information for Harry Eberle and Glenn Eberle that I requested on March 21, 2017. I believe that you advised that the information would be forthcoming but I have yet to receive same.

      Furthermore, I write to confirm that you have produced all documents required to be served with your infringement contentions. More specifically, please confirm that you produced (1) documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party or sale or offer to sell, or any public use of the claimed invention prior to the date of application of each patent in suit; (2) documents evidencing the conception, reduction to practice, design and development of each claimed invention which were created on

**Jennifer L. Friedman**
(716) 881-4900
jfriedman@sjalegal.com



or before the date of application of the patent in suit; and (3) documents evidencing ownership and maintenance of Simpson's patent rights.

Thank you for your cooperation.

Very truly yours,

**SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

s/ Jennifer L. Friedman
Jennifer L. Friedman


cc: Mr. Joseph Mauch *(via e-mail)*
Mr. Michael Colitz *(via e-mail)*