# Exhibit G-1

THE IPE CLIP FASTENER
COMPANY, EEC,                          Case No.: 8:16-cv-02862-SDM-TGW

        Plaintiff,

v.

SIMPSON STRONG-TIE COMPANY,
INC,

        Defendant.

## PLAINTIFF'S SUPPLEMENTED RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, The IPE CLIP FASTENER COMPANY, EEC ("Plaintiff" or "Ipe Clip"), by and through its undersigned counsel, Schroder, Joseph & Associates, LLP, pursuant to Federal Rules of Civil Procedure, hereby serves its supplemented response to Defendant's First Request for Production of Documents.

### PRELIMINARY STATEMENT

Plaintiff objects to the Requests to the extent that it purports to seek discovery related to Case No.: 8:16-cv-03295. Plaintiffs Motion to Dismiss which was filed in the related action entitled *Simpson Strong-Tie Company, Inc. v. The Ipe Clip Fastener Company, LLC,* Case No.: 8:16-cv-03295 is still pending. Plaintiff further objects in that Issue has not been joined in this matter and therefore Simpson cannot serve discovery requests seeking discovery under Case No.: 8:16-cv-03295.

Plaintiff has responded to all Requests to the extent that documents have become known to it. However, Plaintiffs discovery, internal investigation and preparation for trial in this matter are not complete as of the date of these answers. Therefore, Plaintiff does not purport to respond

to said Requests beyond the documents presently known to or discovered by it. It is anticipated that further discovery, investigation, research and analysis will supply information, evidence, documents and/or facts and add meaning to known facts and documents as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. Plaintiff reserves the right to continue discovery in this matter and to continue its investigation for facts, witnesses and supporting data that may reveal documents and things which, if they had presently been within Plaintiffs possession and knowledge, would have been included in these responses to the extent that the production of same is not objectionable. Plaintiff reserves the right to supplement the within responses based on the foregoing.

## GENERAL OBJECTIONS

1.      To the extent that the Requests are overlapping in that they require the production of documents responsive to other Requests, Plaintiff will produce, reference or state that it will permit inspection and copying of a particular document with respect to one Request only and will not cross-reference the document to other Requests to which such documents may also be responsive.

2.      Plaintiff has made a diligent effort to identify and produce documents that are expressly responsive to each Request. Whenever Plaintiff responds below by stating that "Plaintiff will comply with this Request by permitting inspection and copying of responsive documents at a mutually agreeable time and place," Plaintiff means that it will make available all documents in its possession, custody or control that are not protected from disclosure but may, from Defendant's counsel's perspective, have some increment of relevance to the Request.

3.     Plaintiff objects to each and every document request to the extent they fail to comply with Fed.R.Civ.P. 34 and do not state "with reasonable particularity" the "individual items or category" of items Defendant seeks.

4.     Plaintiff objects to Defendant's document requests to the extent that they are unduly burdensome, particularly when comparing the probative value of the information requested to the subject of this litigation. The requests are objectionable when considering the cost and time needed to compile the information when compared against the minimal, if any, probative value the information may have.

5.     Plaintiff objects to Defendant's document requests to the extent that they are overly broad. Defendant seeks 15 years' worth of documents and much of the information requested is not relevant to the subject matter of this litigation and/or that the discovery sought is not proportional to the needs of the case and therefore, is outside the proper scope of discovery permitted by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     Plaintiff objects to Definition No. 1 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

2.     Plaintiff objects to Definition No. 3 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

3.     Plaintiff objects to Definition No. 4 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida.

4.

Plaintiff objects to Definition No. 6 to the extent it adds additional burdens on the

Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida.

5.      Plaintiff objects to Definition No. 7 to the extent it adds additional burdens on the

Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida. Plaintiff further states that Definition No. 7 is ambiguous as to ICFC.

6.      Plaintiff objects to Definition No. 8 to the extent it adds additional burdens on the

Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida. Plaintiff further objects to the production of original documents as requested in

Definition No. 8.

7.      Plaintiff objects to Definition No. 9 to the extent it adds additional burdens on the

Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida.

8.      Plaintiff objects to Definition No. 11 to the extent it adds additional burdens on

the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida.

9.      Plaintiff objects to Definition No. 12 to the extent it adds additional burdens on

the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida. Plaintiff further objects to Definition No. 12 as overly board and unduly burdensome

and states that it is ambiguous as to "all others."

10.      Plaintiff objects to Definition No. 13 to the extent it adds additional burdens on

the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of

Florida. Plaintiff further objects to Definition No. 13 as overly board and unduly burdensome and states that it is ambiguous as to "all others."

11.     Plaintiff objects to Definition No. 14 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida. Plaintiff further objects to Definition No. 14 as overly board and unduly burdensome and states that it is ambiguous as to "all others."

12.     Plaintiff objects to Definition No. 15 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida. Plaintiff further objects to the definition to the extent it purports to be set forth in Federal Rule of Evidence 1001 but is not.

13.     Plaintiff objects to Definition No. 19 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

14.     Plaintiff objects to Definition No. 20 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

15.     Plaintiff objects to Definition No. 21 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida. Plaintiff further objects to the definition of the relevant time period as the 15 year time period requested by the Defendant is overly burdensome.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1:**

DOCUMENTS sufficient to show each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the conception, design, development, or reduction to practice of either of the Accused Products is not relevant. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 2:**

All DOCUMENTS referring or relating to the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the process of conceiving, designing,

developing, and reducing to practice each of the Accused Products is not relevant. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 3:**

All DOCUMENTS referring or relating to any attempt to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and discovery relating to U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Further, Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are no responsive documents being withheld regarding a design around of United States Patent No. 7,874,113 B2 or U.S. Patent No. 8,161,702 B2 or any parent application of the Patents in connection with the Accused Products

but that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 4:**

DOCUMENTS sufficient to show the date(s) when each of the ACCUSED PRODUCTS was first advertised, marketed, offered for sale, or sold.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and when each of the Accused Products was first advertised, marketed or offered for sale is not relevant. Plaintiff also objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections. With respect to the portion of the request seeking documents sufficient to show when each of the Accused Products was first sold, Plaintiff objects to producing same in an unredacted format because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. However, in a good faith basis to respond to this request, redacted documents showing when the Accused Products were first sold are submitted herewith.

**REQUEST NO. 5:**

DOCUMENTS sufficient to show each and every person who has manufactured any of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the identity of each and every person who has manufactured the Accused Products is not relevant. Plaintiff also objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 6:**

DOCUMENTS sufficient to show each and every person who has sold any of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the identity of each and every person who has sold the Accused Products is not relevant. Plaintiff also objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff further objects because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered

a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 7:**

DOCUMENTS sufficient to show the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show the amount sold of each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 8:**

DOCUMENTS sufficient to show the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that gross revenue is not relevant to the calculation of the Royalty Period under the License Agreement. Plaintiff objects that the term "gross revenue" is vague and ambiguous. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show the amount of gross revenue and Net Sales for each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 9:**

DOCUMENTS sufficient to identify YOUR corporate organization, structure, and

ownership, including documents sufficient to identify the parent companies, subsidiaries, departments, divisions, or business units and the identity of persons having primary responsibility within such departments, divisions, or business units.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Plaintiff states that all relevant information has been produced in Plaintiffs Initial Disclosures Under F.R.C.P. Rule 26(a). Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.


**REQUEST NO. 10:**

All sales invoices and purchase orders related to any purchases of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of

the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking all sales invoices and purchase orders related to any purchases of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 11:**

All sales invoices and purchase orders for any of YOUR sales of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request

seeking all sales invoices and purchase orders for any of "your" sales of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order.

**REQUEST NO. 12:**

All written agreements related to any purchase or sale of the ACCUSED PRODUCTS, including any contracts with any of YOUR manufacturers, suppliers, customers, or other purchasers.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking all written agreements related to any purchase or sale of the Accused Products including any contracts with any of "your" manufacturers, suppliers, customers, or other purchasers, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order.

**REQUEST NO. 13:**

DOCUMENTS sufficient to show all prices at which YOU have sold or offered to sell any of the ACCUSED PRODUCTS.

**RESPONSE:**

Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff also objects to this request as overly broad and unduly burdensome and states that the relevant period is limited to six (6) years at the most. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking documents sufficient to show all prices at which you have sold or offered to sell any of the Accused Products, Plaintiff objects to producing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. Plaintiff further states this action is for breach of contract and offers to sell the Accused Products are not relevant. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

**REQUEST NO. 14:**

All DOCUMENTS that refer or relate to SIMPSON.

**RESPONSE:**

Plaintiff objects to this request to the extent that it requires the production of materials

prepared for litigation and/or documents protected by the attorney-client privilege and/or the work product privilege. A privilege schedule will be supplied under separate cover. Plaintiff further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff further objects to this request as overly broad and unduly burdensome and also objects to this request as vague and ambiguous. Plaintiff also objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections including documents protected by privilege including attorney-client privilege, work product privilege and material produced in anticipation of litigation. However, in a good faith basis to respond to this request, responsive documents are submitted herewith.

**REQUEST NO. 15:**

      All DOCUMENTS that refer or relate to BHE.

**RESPONSE:**

      Plaintiff objects to this request to the extent that it requires the production of materials prepared for litigation and/or documents protected by the attorney-client privilege and/or the work product privilege. A privilege schedule will be supplied under separate cover. Plaintiff

further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff further objects to this request as overly broad and unduly burdensome and also objects to this request as vague and ambiguous. Plaintiff also objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. At a mutually convenient date and time, Plaintiff will produce non-privileged documents, if any, for inspection and copying which it may possess that are responsive to this request. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections including documents protected by privilege including attorney-client privilege, work product privilege and material produced in anticipation of litigation.

**REQUEST NO. 16:**

All DOCUMENTS that refer or relate to either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS.

**RESPONSE:**

Plaintiff objects to this request to the extent that it requires the production of materials prepared for litigation and/or documents protected by the attorney-client privilege and/or the work product privilege. A privilege schedule will be supplied under separate cover. Plaintiff

further objects to this request insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this request as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Plaintiff further objects to this request as overly broad and unduly burdensome and also objects to this request as vague and ambiguous. Plaintiff also objects to this document request in that it does not comply with Fed.R.Civ.P. 34 since it fails to state "with reasonable particularity" the individual item or category of items Defendant seeks. Pursuant to Rule 34(b)(2)(c), Plaintiff states that there are responsive documents being withheld on the basis of the above objections.

DATED: ~~March 16~~April 28, 2017

Respectfully submitted,

/s/ Jennifer L. Friedman    ___
Jennifer L. Friedman, Esq.
Schroder, Joseph & Associates, LLP 392
Pearl Street, Suite 301 Buffalo, New York
14202 Telephone No.: (716) 881-4900
Facsimile No.: (716) 881-4909
ifriedman@sialegal.com

*Attorneys for Plaintiff, The Ipe Clip*
*Fastener Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ~~March 17~~April 28, 2017,1 caused the foregoing Plaintiffs

Supplemented Responses To Defendant's First Request For Production Of Documents to be

served electronically by e-mailing the foregoing to:

Michael J. Colitz, III
Cole Y. Carlson
GRAY ROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Telephone: (813)273-5000
Facsimile: (813)273-5145
michael.colitz@grav-robinson.com
cole.carlson@grav-robinson.com

Joseph V. Mauch
Erick C. Howard
Arthur J. Shartsis
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
Telephone: (415)421-6500
imauch@sflaw.com
ehoward@sflaw.com
ashartsis@sflaw.com
*Counsel for Defendant*

*Is/* Crystal L, Hunt