Exhibit G-2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE IPE CLIP FASTENER**
**COMPANY, EEC,**                        Case No.: 8:16-cv-02862-SDM-TGW

             Plaintiff,

v.

**SIMPSON STRONG-TIE COMPANY,**
**INC,**

             Defendant.

# **PLAINTIFF'S SUPPLEMENTED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, The IPE CLIP FASTENER COMPANY, EEC ("Plaintiff" or "Ipe Clip"), by and through its undersigned counsel, Schroder, Joseph & Associates, LLP, pursuant to Federal Rules of Civil Procedure, hereby serves its supplemented response to Defendant's First Set of Interrogatories.

## **PRELIMINARY STATEMENT**

Plaintiff objects to the Interrogatories to the extent that it purports to seek discovery related to Case No.: 8:16-cv-03295. Plaintiffs Motion to Dismiss, which was filed in the related action entitled *Simpson Strong-Tie Company, Inc. v. The Ipe Clip Fastener Company, LLC,* Case No.: 8:16-cv-03295, is still pending. Plaintiff further objects in that Issue has not been joined in this matter and therefore Simpson cannot serve discovery requests seeking discovery under Case No.: 8:16-cv-03295.

Plaintiff has responded to all Interrogatories to the extent that information has become known to it. However, Plaintiffs discovery, internal investigation and preparation for trial in this

matter are not complete as of the date of these answers. Therefore, Plaintiff does not purport to state anything more than information presently known to or discovered by it. It is anticipated that further discovery, investigation, research and analysis will supply information, evidence, documents and/or facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the answers set forth herein. Plaintiff reserves the right to continue discovery in this matter and to continue its investigation for facts, witnesses and supporting data that may reveal information which, if it had presently been within Plaintiffs possession and knowledge, would have been included in these answers to the extent that said information is not objectionable. Plaintiff reserves the right to supplement the within answers based on the foregoing.

## **GENERAL OBJECTIONS**

1. Plaintiff objects to Defendant's Interrogatories to the extent that they seek information which is subject to the ~~attomey/client~~ attorney/client privilege or work product doctrine, or otherwise seek information beyond the scope of discovery permitted by the applicable rules of Civil Procedure.

2. Plaintiff objects to Defendant's Interrogatories to the extent that they are overly broad. Defendant seeks 15 years' worth of information and much of the information requested is not relevant to the subject matter of this litigation and/or that the discovery sought is not proportional to the needs of the case and therefore, is outside the proper scope of discovery permitted by the Federal Rules of Civil Procedure.

3. Plaintiff obj ects to Defendant's Interrogatories to the extent that they are unduly

burdensome, particularly when comparing the probative value of the information requested to the subject of this litigation. The requests are objectionable when considering the cost and time needed to compile the information when compared against the minimal, if any probative value the information may have.

4. Plaintiff objects to Defendant's Interrogatories to the extent that they are improperly ambiguous or vague.

## **DEFINITIONS AND INSTRUCTIONS**

1. Plaintiff objects to Definition No. 1 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

2. Plaintiff objects to Definition No. 3 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

3. Plaintiff objects to Definition No. 4 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

4. Plaintiff objects to Definition No. 6 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

5. Plaintiff objects to Definition No. 7 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

6. Plaintiff objects to Definition No. 8 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

7. Plaintiff objects to Definition No. 9 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

8. Plaintiff objects to Definition No. 11 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida. Plaintiff further objects to Definition No. 11 as overly board and unduly burdensome and states that it is ambiguous as to "all others."

9. Plaintiff objects to Definition No. 15 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

10. Plaintiff objects to Definition No. 16 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

11. Plaintiff objects to Definition No. 17 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida.

12. Plaintiff objects to Definition No. 18 to the extent it adds additional burdens on the Plaintiff not required by the Federal Rules of Civil Procedure and/or the Middle District of Florida. Plaintiff further objects to the definition of the relevant time period as the 15 year time period requested by the Defendant is overly burdensome.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each person who participated in or contributed to the conception, design, development, or reduction to practice of either of the ACCUSED PRODUCTS.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the conception, design, development, or reduction to practice of either of the Accused Products is not relevant. Further, Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 2:**

DESCRIBE the process of conceiving, designing, developing, and reducing to practice each of the ACCUSED PRODUCTS.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the process of conceiving, designing, developing, and reducing to practice each of the Accused Products is not relevant. Further, Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development

or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**

If YOU contend that any attempt was made to design around either U.S. Patent No. 6,402,415, any of the PATENTS, or any parent application of the PATENTS in connection with the ACCUSED PRODUCTS, state all facts that refer or relate to such contention.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Defendant has not alleged that the Accused Products are covered by U.S. Patent No. 6,402,415 and U.S. Patent No. 6,402,415 is not relevant to this lawsuit. Further Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Without waiving the foregoing objections, a good faith response to this Interrogatory is provided as follows: the Plaintiff did not attempt to design around United States Patent No. 7,874,113 B2 or U.S. Patent No. 8,161,702 B2 or any parent application of the Patents in connection with the Accused Products.

**INTERROGATORY NO. 4:**

IDENTIFY the date(s) when each of the ACCUSED PRODUCTS was first advertised, marketed, offered for sale, or sold.

7

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and when each of the Accused Products was first advertised, marketed or offered for sale is not relevant. Plaintiff also objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the request seeking information sufficient to show when each of the Accused Products was first sold, Plaintiff objects to providing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order. Without waiving the foregoing objections, a good faith response to this Interrogatory is provided as follows: The first commercial sale of the ExtremeKD® fastener was in 2006. The first commercial sale of the Extremed® fastener was in 2009.

**INTERROGATORY NO. 5:**

IDENTIFY each and every person who has manufactured any of the ACCUSED PRODUCTS.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the identity of each and every person who has manufactured the Accused Products is not relevant. Plaintiff also objects to this Interrogatory insofar as it calls for information which contains confidential and/or

proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6:**

IDENTIFY each and every person who has sold any of the ACCUSED PRODUCTS.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. This action is for breach of contract and the identity of each and every person who has sold the Accused Products is not relevant. Plaintiff also objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff further objects because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order.

**INTERROGATORY NO. 7:**

IDENTIFY the amount sold of each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action, that the discovery sought is not proportional to the needs of the case and also objects to this request as overly broad and unduly burdensome and states that the Royalty Period is limited to six (6) years. Plaintiff further objects to this

Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the Interrogatory seeking the amount sold of each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to providing same because Plaintiff has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order.

**INTERROGATORY NO. 8:**

IDENTIFY the amount of gross revenue and NET SALES for each of the ACCUSED PRODUCTS for each ROYALTY PERIOD that the ACCUSED PRODUCTS have been sold.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action, that the discovery sought is not proportional to the needs of the case and also objects to this Interrogatory as overly broad and unduly burdensome and states that gross revenue is not relevant to the calculation of the Royalty Period under the License Agreement. Plaintiff objects that the term "gross revenue" is vague and ambiguous. Plaintiff further objects to this Interrogatory insofar as it calls for material which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. With respect to the portion of the Interrogatory seeking documents sufficient to show the amount of gross revenue and Net Sales for each of the Accused Products for each Royalty Period that the Accused Products were sold, Plaintiff objects to producing same because Plaintiff

has sought bifurcation of damages discovery and the Court has not yet ruled on Plaintiffs request or entered a Case Management Order.

**INTERROGATORY NO. 9:**

DESCRIBE the relationship, including corporate organization and ownership structure, between ICFC and all companies affiliated with ICFC.

**RESPONSE:** Plaintiff objects to this Interrogatory as calling for information which is not relevant to any claims or defenses in this action and that the discovery sought is not proportional to the needs of the case. Plaintiff objects to this Interrogatory insofar as it calls for information which contains confidential and/or proprietary trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff states that all relevant information has been produced in Plaintiffs Initial Disclosures Under F.R.C.P. Rule 26(a).

Dated: ~~March 17~~April 28, 2017

Respectfully submitted,

/s/ lennifer L, Friedman
lennifer L. Friedman, Esq.
Schroder, loseph & Associates, LLP 392
Pearl Street, Suite 301 Buffalo, New York
14202 Telephone No.: (716) 881-4900
Facsimile No.: (716) 881-4909
ifriedman@sialegal.com

*Attorneys for Plaintiff, The Ipe Clip Fastener Company, LLC*

# VERIFICATION

STATE OF FLORIDA ) SS:
CITY OF BRADENTON )

ROBERT J. PELC, JR., being duly sworn, deposes and says: He is the Managing Member of the above-named Plaintiff, which is a Limited Liability Company created under and by virtue of the laws of the State of Florida; he has read the foregoing Plaintiffs Supplemented Responses To Defendant's First Set Of Interrogatories and the same is true to the best of his personal knowledge and belief. Also, in so far as the Interrogatories call for legal conclusions, he acknowledges them to be true upon information and belief; the source of said information and belief being the advice of counsel.

/s/ Robert J. Pelc. Jr, Robert J. Pelc, Jr.

Sworn to before me this ~~17th~~ 28th day of ~~March~~April, 2017

/s/ ~~Carmen DeGraaff~~ Eriel Carlen Notary Public

ERIEL CARLEN My Commission # FF915356 Expires September 02, 2019

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ~~March 17~~April 28, 2017,1 caused the foregoing Plaintiffs Supplemented Responses To Defendant's First Set Of Interrogatories to be served electronically by e-mailing the foregoing to:

Michael J. Colitz, III
Cole Y. Carlson
GRAY ROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Telephone: (813)273-5000
Facsimile: (813)273-5145
michael.colitz@gray-robinson.com
cole.carlson@gray-robinson.com

Joseph V. Mauch
Erick C. Howard
Arthur J. Shartsis
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
Telephone: (415)421-6500
jmauch@sflaw.com
ehoward@sflaw.com
ashartsis@sflaw.com
*Counsel for Defendant*

*Is/* Crystal L, Hunt