**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE IPE CLIP FASTENER**
**COMPANY, LLC,**

                                         **Plaintiff,**        Case No.: 8:16-cv-02862-SDM-TGW

**v.**

**SIMPSON STRONG-TIE COMPANY,**
**INC.,**

                                         **Defendant.**

**PLAINTIFF IPE CLIP'S NOTICE OF MOTION TO STAY**

**PENDING REEXAMINATION**

# **Table of Contents**

Table of Authorities ................................................................................................... ii

MOTION.................................................................................................................... 1

BACKGROUND ....................................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 1

ARGUMENT ............................................................................................................. 2

I. LEGAL STANDARDS FOR A STAY ................................................................. 2

II. THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATIONS OF THE SIMPSON PATENTS ................................................................................................ 4

    A. The Reexaminations Will Streamline The Issues And Reduce The Burden On The Parties And Court..................................................................................... 4

    B. A Stay Pending The Outcome Of The Reexaminations Is Appropriate At This Stage Of The Litigation .................................................................................. 8

    C. A Stay Pending The Outcome Of The Reexaminations Will Not Prejudice Simpson.................................................................................................................. 9

CONCLUSION.......................................................................................................... 10

## Table of Authorities

**Cases**

*Alps S., LLC v. Ohio Willow Wood Co.*,
   No. 8:07-CV-2076-T-23MAP, 2008 WL 8793609 (M.D. Fla. Dec. 3, 2008).... 2, 5, 6, 9

*Divine Purse Co., LLC v. Shepax, Inc.*,
   No. 2:16-CV-291-FTM-CM, 2017 WL 960638 (M.D. Fla. Mar. 13, 2017). ............. 8, 9

*Emhart Indus. v. Sankyo Seiki Mfg. Co.*,
   No. 85-C-75651, 987 WL 6314 (N.D. Ill. Feb. 2, 1987) ................................................ 8

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ...................................................................................... 3

*Fellowes, Inc. v. Aurora Corp.*,
   No. 07-C-7237, 2009 WL 330085 (N.D. Ill. Feb. 10, 2009) .......................................... 3

*Freedom Sci., Inc. v. GW Micro, Inc.*,
   No. 8:08–cv–1365–T–33TBM, 2009 WL 2423095 (M.D. Fla. July 29, 2009).......... 2, 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ....................................................................................................... 2

*Patlex Corp. v. Mossinghoff*,
   758 F.2d 594 (Fed. Cir. 1985) ....................................................................................... 3

*Peschke Map Techs., supra, v. Miromar Dev. Corp.*,
   No. 2:15-cv-173-FtM-38MRM, 2015 WL 6501131 (M.D. Fla. Oct. 20, 2015). 5, 6, 8, 9

*Proctor & Gamble Co. v. Kraft Foods Global, Inc.*,
   549 F.3d 842 (Fed. Cir. 2008) ....................................................................................... 3

*Target Therapeutics Inc. v. SciMedLife Sys. Inc.*,
   No. C–94–20775, 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) .................................... 10

*Yogitoes, LLC v. We Are Yoga, Inc.*,
   No. 6:14–cv–2040–Orl–41KRS, 2015 WL 12838991 (M.D. Fla. Nov. 10,
   2015) ................................................................................................... 2, 4, 5, 6

**<u>Statutes</u>**

35 U.S.C. §302 ................................................................................................................. 3

35 U.S.C. §307 ................................................................................................................. 3

## MOTION

Plaintiff The Ipe Clip Fastener Company, LLC ("Ipe Clip") moves to stay this litigation pending reexamination of the two Patents asserted by Defendant Simpson Strong-Tie Company, Inc. ("Simpson"). There are two United States patents at issue in this litigation: United States Patent Nos. 8,874,113 ("'113 Patent") and 8,161,702 ("'702 Patent")(collectively, "Simpson Patents"). Ipe Clip seeks a stay of all claims and counterclaims relating to the Simpson Patents (which is a stay of the entire litigation since all claims and counterclaims relate to the Simpson Patents).

## BACKGROUND

Currently pending before this Court is Ipe Clip's Motion to Dismiss Defendant Simpson's patent infringement counterclaim. Also pending is Ipe Clip's unopposed Motion to Seal the License Agreement, Ipe Clip's Motion to Bifurcate Damages Discovery and Simpson's Motion to Compel Discovery (which includes damages discovery).

## STATEMENT OF FACTS

The United States Patent and Trademark Office recently found a substantial question of patentability for all claims of the two Simpson Patents. See Exhibits B and D to the Declaration of Jennifer L. Friedman dated July 6, 2017, submitted herewith. If the PTO cancels all claims of the Simpson Patents, all issues in the present litigation will be resolved.

## ARGUMENT

I.    **LEGAL STANDARDS FOR A STAY**

The Court has the inherent power to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A district court has inherent power to manage its dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Freedom Sci., Inc. v. GW Micro, Inc.*, No. 8:08–cv–1365–T–33TBM, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009) (quotation omitted). Furthermore, "district courts have adopted a liberal policy in favor of granting stays, noting that because of the PTO's expertise and ability to streamline validity concerns, the PTO reexamination process should be deferred to by the courts, especially where the infringement litigation is in the early stages." *Yogitoes, LLC v. We Are Yoga, Inc.*, No: 6:14–cv–2040–Orl–41KRS, 2015 WL 12838991, at *2 (M.D. Fla. Nov. 10, 2015) (quotations omitted). In this district, courts have held:

> For cases early on in litigation, a liberal policy exists "in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or re-issuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D.Cal.1994); *Baxa Corp. v. Forhealth Techs., Inc.,* 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006).
>
> *Alps S., LLC v. Ohio Willow Wood Co.,* No. 8:07-CV-2076-T-23MAP, 2008 WL 8793609, at *1 (M.D. Fla. Dec. 3, 2008) (Merryday, J).

See also *Freedom Sci., supra,* 2009 WL 2423095, at *1 (recognizing the liberal policy of granting motions to stay pending reexamination).

A party may challenge in the PTO the validity of an issued patent through a "reexamination." 35 U.S.C. §302. This requires the PTO to "start over" its examination of a patent. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1427 (Fed. Cir. 1988). The PTO then has an opportunity to fix any defects in the PTO's initial examination that led to the grant of a patent. *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 601 (Fed. Cir. 1985). The PTO may cancel, confirm, and amend any patent claim. 35 U.S.C. §307. A reexamination often provides the benefits of settling validity disputes more quickly than protracted litigation, allows courts to refer patent validity questions to the expertise of the PTO, and reinforces "investor confidence" by affording the PTO a broader opportunity to review "doubtful patents." *Patlex,* at 602.

The Federal Circuit has held that one of the purposes of Congress's creation of *ex parte* reexamination was to allow for the stay of a litigation pending the PTO's review of the patent-in-suit. *See Patlex*, *supra,* 758 F.2d at 606 ("[t]he stay of pending litigation to enable USPTO review of contested patents was one of the specified purposes of the reexamination legislation."). Thus, "if a substantial issue of patentability is raised in the reexamination matter, a stay is a viable mechanism to prevent wasted effort." *Fellowes, Inc. v. Aurora Corp.*, No. 07-C-7237, 2009 WL 330085, at *1 (N.D. Ill. Feb. 10, 2009) (granting motion to stay), citing *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008).

When considering if litigation should be stayed pending reexamination proceedings, courts consider several factors, including:

    (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party;

    (2) whether a stay will simplify the issues and streamline the trial; and

    (3) whether a stay will reduce the burden of litigation on the parties and on the court.

*Freedom Sci., supra,* 2009 WL 2423095, at *1; *Yogitoes, supra*, 2015 WL 12838991, at *2.

## II. THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATIONS OF THE SIMPSON PATENTS

The reexaminations will almost assuredly affect issues of claim construction, claim scope and validity with regard to the Simpson Patents. Consequently, staying the litigation would streamline the issues, would be particularly appropriate at this stage of the litigation as it would avoid duplicative efforts, and would not prejudice Simpson.

### A. The Reexaminations Will Streamline The Issues And Reduce The Burden On The Parties And Court

The entry of a stay pending the outcome of the reexaminations of the Simpson Patents would most likely streamline issues of claim construction in this case. The PTO's actions will impact the construction of Simpson Patents because the reexaminations will become part of the patents' intrinsic records.

The reexaminations of the Simpson Patents may also affect the validity issues in this case. The PTO has rejected all claims of the Simpson Patents. In addition, the PTO has found that Ipe Clip's Requests for Reexamination have raised substantial new questions of patentability for all claims of the Simpson Patents. It is overwhelmingly

4

likely that reexaminations will result in the cancellation or amendment of all claims of the Simpson Patents. According to the PTO's most recent statistics, the claims of the reexamined patents have been canceled or amended in 78% of the *ex parte* reexaminations completed thus far for those that have been requested by a third party requester (like Ipe Clip). See *Ex Parte* Reexamination Filing Data from September 30, 2016 which is attached to the Friedman Declaration as Exhibit E. When looking at all *ex parte* reexaminations, that percentage rises to 84%. See Exhibit E to the Friedman Declaration.

In *Alps S., supra*, 2008 WL 8793609, at *1, the Court held that "PTO data shows that a patent reexamination results in modification of a claim in approximately seventy-five percent of the proceedings". See also *Peschke Map Techs., supra, v. Miromar Dev. Corp.*, No: 2:15-cv-173-FtM-38MRM, 2015 WL 6501131, at *2 (M.D. Fla. Oct. 20, 2015)(While it is true the USPTO could "very well" affirm the Patent's validity, this would simply (sic) the issues and streamline the trial by mooting some, if not all, of [Defendant's] invalidity defenses. Not to mention, it is equally likely that the Patent is invalidated or the Patent claims are narrowed. These two results would drastically alter this action, as the former would result in the action being dismissed, while the latter would prevent [Plaintiff] from recovering damages for action taken before the amendment…. Therefore, no matter the results of the reexamination proceedings, this action will have its issues narrowed and its trial streamlined in some form.").

In *Yogitoes, supra*, the Courts' reasoning for granting the motion to stay applies in equal force to Ipe Clip's Motion to Stay:

> More importantly, as noted above, the validity issues in this case and those that would be the subject of the requested reexaminations are substantially, if not precisely, parallel. As many courts have noted, any change to the patents-in-suit could either result in inconsistent rulings or would consume considerable resources in revisiting prior rulings. *See Peschke Map Techs. LLC*, 2015 WL 6501131, at *3. Even if the rulings were consistent, the Court and litigants would spend considerable resources in conducting overlapping proceedings before this Court and the PTO. *See Baxa Corp.*, 2006 WL 4756455, at *3 ("[A] stay pending the reexamination of the patents-in-suit will conserve judicial resources by reducing parallel proceedings before the Court and the [PTO]."). However, staying this litigation while the reexaminations proceed could result in reduced discovery costs for the parties and reduced motions practice before this Court when the case proceeds. Therefore, because the issues in the two proceedings would be largely duplicative and because this case is still in the early stages of litigation, a stay pending reexamination would reduce the burden of litigation for the parties and for the Court.

*Yogitoes, supra*, 2015 WL 12838991, at *3.

As this Court recognized in *Alps S., supra,* "a stay will likely reduce the burden of litigation on the parties and the court. A stay will avoid the problem … of the parties' preparing successive iterations of *Markman* briefs if the PTO modifies or cancels a claim under reexamination." *Alps S., supra*, 2008 WL 8793609, at *3. The parties' claim construction briefs are due in the next several weeks.

Moreover, given the language of the parties' confidential License Agreement and Amendment ("Agreement") (see Exhibit F to the Friedman Declaration), the outcome of the reexaminations of the Simpson Patents could determine the outcome of the License Agreement claim and counterclaim.

The Agreement provides in relevant part that:

> In the event R&B [Ipe Clip[1]] should at some time in the future produce for sale or sell any other fastener which infringes the existing patent, improvements thereon, **or any other patent belonging to BHE [Simpson[2]],** its principles (*sic*), Eberle, or held in its behalf, then R&B [Ipe Clip] shall have the right to license such product upon the same terms and conditions as the existing Agreement as amended.
>
> See ¶8 to Exhibit E.[3] (emphasis added).

Simpson has asserted that Ipe Clip has breached the License Agreement by producing for sale or selling the "Extreme4" deck fastener and the "ExtremeKD" deck fastener ("Accused Products"). In order to bring the Accused Products under the scope of the License Agreement, the Accused Products must infringe a Simpson patent. Simpson has asserted that the Accused Products infringe the two Simpson Patents (the '113 Patent and '702 Patent).

The Agreement defines "Licensed Product" as "Products covered by a Valid Claim of the Patent." See ¶1.01(c) of Exhibit E to the Friedman Declaration. The Agreement defines "Valid Claim" as "a claim in an unexpired BHE [Simpson] Patent, which has not been … held unpatentable through any … reexamination … proceeding in the United States Patent and Trademark Office …." See ¶1.01(b) of Exhibit E to the Friedman Declaration.

Consequently, if the PTO cancels all claims of the Simpson Patents, the claims and counterclaims relating the License Agreement and Simpson's patent infringement counterclaim will be resolved. Ipe Clip's Motion for a Stay should be granted.

---

[1] Ipe Clip is the successor in interest to R&B.
[2] Simpson is the successor in interest to BHE.
[3] The terms and conditions of the Agreement are confidential as discussed in Ipe Clip's pending unopposed Motion to Stay.

7

### B. A Stay Pending The Outcome Of The Reexaminations Is Appropriate At This Stage Of The Litigation

The entry of a stay pending the outcome of the reexaminations is appropriate at this stage of the case. Staying discovery during the PTO's reexaminations could reduce discovery costs for the parties and motion practice before the Court when the matter proceeds. *Peschke, supra*, 2015 WL 65011131, *3; *Divine Purse Co., LLC v. Shepax, Inc.*, No. 2:16-CV-291-FTM-CM, 2017 WL 960638, at *5 (M.D. Fla. Mar. 13, 2017).

The present litigation is still at a fairly early stage. Ipe Clip has not served any discovery yet. No depositions have been noticed or taken by either party. There has not been any expert discovery. See ¶10 of the Friedman Declaration. Staying the litigation may prevent the parties from expending their time and resources in engaging in discovery and claim construction.

Courts have stayed other cases at much later stages in the proceedings pending the outcome of *ex parte* reexamination. In *Emhart Indus. v. Sankyo Seiki* Mfg. Co., No. 85-C-7565, 1987 WL 6314, at *1, 3 (N.D. Ill. Feb. 2, 1987), the parties had engaged in a full year of "significant, costly discovery," and the discovery cutoff had passed. Nonetheless, after noting that no trial schedule had been set, the Court granted the defendant's motion to stay pending the outcome of an *ex parte* reexamination. *Emhart Industries, supra,* 1987 WL 6314, at *3.

Should this case proceed without a stay and before the Simpson Patents have been reexamined by the PTO, the parties (and Court) may well have to revisit several discovery and claim construction issues, perhaps at great expense. The parties should not spend money, time, and effort on discovery and motion practice here when there are

such serious concerns regarding the validity of the Simpson Patents.

### C.     A Stay Pending The Outcome Of The Reexaminations Will Not Prejudice Simpson

Simpson will not suffer any prejudice should the Court stay the litigation pending the outcome of the reexaminations.  As stated above, no depositions have been taken and limited discovery has taken place. There has not been any expert discovery. See ¶10 of the Friedman Declaration. Ipe Clip has not yet even served discovery requests on Simpson.

In *Divine Purse, supra,* 2017 WL 960638, at *3 (M.D. Fla. Mar. 13, 2017), the Court held that a factor weighing in favor of a stay was that the case was still is in its early stages because the parties had not conducted any depositions or expert discovery. *See also Peschke, supra,* 2015 WL 6501131, at *2 (noting that the undue prejudice factor favors granting a stay where there is no evidence that the harm cannot be remedied by monetary damages); *Alps S., supra,* 2008 WL 8793609, at *1 ("the defendant fails to explain why a stay would cause undue prejudice to the defendant. This case is in the early stage, neither party's motion for claim construction is resolved, and discovery continues").

Moreover, a stay would not financially harm Simpson.  If the PTO decides not to amend or cancel the claims of the Simpson Patents (which occurs with less than 1 out of 4 patents in *ex parte* reexamination proceedings) and if Simpson can establish that Ipe Clip's Accused Products are covered by the Agreement, potential damages could continue to accrue.

In considering the "competing interests" involved in a motion to stay pending

9

reexamination, the non-movant (Simpson) has the burden of establishing that prejudice to it outweighs the benefit of the reexamination. *See Target Therapeutics Inc. v. SciMedLife Sys. Inc.,* No. C–94–20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (holding that nonmovant "failed to demonstrate that it will suffer undue prejudice if this action is stayed."). Simpson cannot meet that high burden here. Indeed, Simpson will not be harmed by a stay pending reexamination. Simpson's injuries, if any, are completely compensable by money damages. Therefore, Simpson's remedy at law will not be prejudiced by a stay.

## CONCLUSION

For the reasons set forth above and in the accompanying Friedman Declaration and exhibits, Ipe Clip's Motion for a Stay should be granted.

Dated: July 6, 2017

Respectfully submitted,

_____
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian
Florida Bar No. 0085868
jfabian@sIk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

/s/ Jennifer L. Friedman
Jennifer L. Friedman, Esq.
Schröder, Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, New York 14202
Telephone No.: (716) 881-4900
Facsimile No.: (716) 881-4909
jfriedman@sjalegal.com

*Attorneys for Plaintiff The Ipe Clip Fastener Company, LLC*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on or about June 28, 2017, I conferred with Erick Howard, attorney for Simpson, in a good faith effort to resolve the issues raised by this motion, and counsel have been unable to agree on the resolution of this motion.

                                                     s/ Jennifer L. Friedman
                                                    Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Jennifer L. Friedman _____
Attorney