UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE IPE CLIP FASTENER
COMPANY, LLC,

    Plaintiff,

v.                                                 CASE NO. 8:16-cv-2862-T-23TGW

SIMPSON STRONG-TIE COMPANY,
INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) for a declaratory judgment that two of the plaintiff's products, "Extreme4" and "ExtremeKD" fasteners, are "not covered" by United States Patent Nos. 8,874,113 and 8,161,702 (Doc. 1 at 3),[1] and the defendant counterclaims (Doc. 23) for breach of contract and for patent infringement. Because the United States Patent and Trademark Office ("PTO") recently granted (Docs. 41-3, 41-5) the plaintiff's request for *ex parte* re-examination of both patents, the plaintiff moves (Doc. 41) to stay this action pending the outcome of the re-examinations.

---

[1] "[The plaintiff's] predecessor-in-interest . . . entered into a license agreement with [the defendant's] predecessor-in-interest . . . with regard to the production of certain hidden outdoor deck fasteners . . . . [The defendant] is now asserting that [the plaintiff's] Extreme4 and ExtremeKD deck fasteners are covered by certain patents . . . ." (Doc. 1 at 2 and 3) "[The plaintiff] seeks a declaratory judgment that certain of [the plaintiff's] fasteners are not covered by any valid claim of [the patents] and are therefore not subject to the License Agreement." (Doc. 1 at 3)

A district court "ha[s] inherent power to manage [its] docket and stay proceedings, including the authority to order a stay pending conclusion of a PTO re-examination," and the decision whether to stay rests "with the sound discretion of the Court." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Stays are granted liberally, and re-examination "should be deferred to . . . especially where the infringement litigation is in the early stages." *Roblor Marketing Group, Inc. v GPS Industries, Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008) (Torres, J.).

Factors to consider in determining whether to stay an action pending the outcome of a re-examination include whether a stay (1) simplifies the issues and streamlines the trial, (2) reduces the burden of litigation on the parties and the court, and (3) avoids tactical disadvantage or other undue prejudice to the non-moving party. *Baxa Corp. v. Forhealth Techs., Inc.*, 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006) (Fawsett, J.) (citing *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (Zagel, J.).

Stating that the PTO found a "substantial question of patentability for all claims" of the two patents, the plaintiff argues that "the outcome of the reexaminations . . . could determine the outcome of the license agreement claim and counterclaim" and that "if the PTO cancels all claims of the [defendant's] patents, the claims and counterclaims relating the License Agreement and [the] patent

infringement counterclaim will be resolved."[2] (Doc. 41 at 10–11)  The defendant asserts (1) that a "multi-year delay" fails to "make sense" because re-examination fails to resolve all the litigated issues (Doc. 47 at 8) and (2) that a stay fails to reduce the burden of litigation on the parties or the court because "ultimately the court and a jury" must adjudicate "the issues of validity, infringement, and breach of license." (Doc. 47 at 11)

However, other benefits, most notably the usefulness of the PTO's expert opinion, weigh in favor of a stay.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("[A]n advantage of the reexamination process is that it allows the validity of a patent to be tested in the Patent office where the most expert opinions exist and at a much reduced cost.") (citation omitted).  Whatever the re-examination's outcome, the PTO's expert opinion is likely to narrow the contested issues, prevent duplication of proceedings, and streamline the proceedings.[3]

Also, the PTO "expedite[s]" re-examination requests "to the extent possible."  Section 2286, Manual of Patent Examining Procedure.  But during any delay attributable to re-examination, money damages continue to accrue to compensate for any infringement.

---

[2] The plaintiff states that "it is overwhelmingly likely that re-examinations will result in the cancellation or amendment of all claims of the . . . Patents. According to the PTO's most recent statistics, the claims of the re-examined patents have been canceled or amended in 78% of the *ex parte* re-examinations completed . . . for those . . .requested . . . ." (Doc. 41 at 9)

[3] For example, by "reduc[ing] [future] discovery costs . . . and motion practice." (Doc. 41 at 12)

- 3 -

**CONCLUSION**

In sum, re-examination often simplifies and expedites litigation (and perhaps eliminates the need for a trial) without undue prejudice to an affected party. The plaintiff's motion (Doc. 41) to stay is **GRANTED**, and this action is **STAYED**. The clerk is directed to administratively close the case. Within fourteen days after conclusion of the re-examination, the plaintiff must file the PTO's determination and move to re-open the case and to lift the stay.

ORDERED in Tampa, Florida, on October 20, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE